PATMON AND YOUNG PROFES-
SIONAL CORPORATION, Pe-
titioner–Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.

No. 93–1956.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 31, 1995.

Decided May 23, 1995.

Clarence B. Tucker, Sr. (argued and briefed) and Frederick A. Patmon, Detroit, MI, for petitioner-appellant.

David L. Jordan, I.R.S., Office of Chief Counsel, Richard Farber, Sara K. Knutson (argued), and Gary R. Allen, Acting Chief (briefed), U.S. Dept. of Justice, Appellate Section Tax Div., Washington, DC, for respondent-appellee.

Before: WELLFORD, BOGGS, and SILER, Circuit Judges.

SILER, Circuit Judge.

Patmon and Young Professional Corporation ("P & Y") appeals the United States Tax Court's order dismissing its petition seeking redetermination of tax deficiencies assessed against P & Y. For the reasons stated herein, we hold that the Tax Court did not err in dismissing P & Y's petition for redetermination based upon lack of jurisdiction on the ground that it was untimely filed.

I.

On March 3, 1989, the Internal Revenue Service ("IRS") mailed, by certified mail, a statutory notice of deficiency addressed to P & Y at Post Office Box 315189, Detroit, Michigan 48231. It also sent a notice to P & Y at 3770 Penobscot Building, Detroit, Michigan 48226. The notice sent to P & Y's post office box was returned to the IRS, with postal marks indicating that it had been "unclaimed" and "refused" by P & Y. The notice sent to the Penobscot address was returned to the IRS as undeliverable because the forwarding order for P & Y had expired.

On July 8, 1991, P & Y filed a petition in the Tax Court seeking a redetermination of the deficiencies. P & Y alleged that it did not receive notice of the deficiency until April

19, 1991. The IRS filed a motion to dismiss for lack of jurisdiction, based on P & Y's failure to timely file the petition. P & Y filed a cross-motion to dismiss, claiming that the notice of deficiency was invalid because it had not been sent to the "last known address." The Tax Court dismissed P & Y's petition as untimely, based on the factual finding that P & Y received actual notice of the deficiency. The court did not address whether the notice had been sent to the "last known address." [1]

## II.

In order to invoke the jurisdiction of the Tax Court, a taxpayer must file a petition within 90 days after the mailing of the notice of deficiency. 26 U.S.C. § 6213(a) (hereinafter I.R.C.). P & Y's petition was filed more than two years after the mailing of the notice of deficiency. P & Y claims that the Tax Court should have dismissed in its favor because the notice was invalid, as it was not sent to the "last known address." The IRS contends that the notice was sent to the last known address, or, in the alternative, that the record shows P & Y received actual notice, which is statutorily sufficient.

The Tax Court, rather than determining P & Y's "last known address," as that term is used in § 6212(b)(1), held that the notice was statutorily sufficient because P & Y received actual notice. Whether actual notice is sufficient to satisfy the requirements of I.R.C. § 6212 is the key issue of this appeal and is a question of first impression in this circuit. Although some circuits have taken a very strict approach to § 6212 and have required that a notice be sent to the last known address, see *Delman v. Commissioner*, 384 F.2d 929, 933 (3d Cir.1967), *cert. denied*, 390 U.S. 952, 88 S.Ct. 1044, 19 L.Ed.2d 1144 (1968) (citations omitted), the Sixth Circuit has not required such strict compliance. *See Commissioner v. Stewart*, 186 F.2d 239, 241 (6th Cir.1951).

As pointed out in *Delman,* § 6212(b) was intended to apply to situations in which the

taxpayer failed to notify the IRS of its current address. Section 6212(b) simply provides that mailing to the last known address "shall be sufficient." It does not require mailing to such address. Nothing in § 6212(a) indicates that actual notice is insufficient. *See Clodfelter v. Commissioner*, 527 F.2d 754, 756 (9th Cir.1975), *cert. denied*, 425 U.S. 979, 96 S.Ct. 2184, 48 L.Ed.2d 805 (1976). Clearly, the statutory scheme contemplates that "notice of deficiency that is actually received without delay prejudicial to the taxpayer's ability to petition the Tax Court is sufficient [to meet the conditions of § 6212(a) ]." *Borgman v. Commissioner*, 888 F.2d 916, 918 (1st Cir.1989). *See also McKay v. Commissioner*, 886 F.2d 1237, 1239 (9th Cir.1989) (actual notice without prejudicial delay is sufficient regardless of the address to which it was successfully sent); *Pugsley v. Commissioner*, 749 F.2d 691, 692–93 (11th Cir.1985) (actual notice will suffice).

The Sixth Circuit has impliedly agreed with other circuits that have held actual notice sufficient to meet the requirements of § 6212. *See Hubbard v. Commissioner*, 872 F.2d 183, 185 (6th Cir.1989) (notice insufficient because not mailed to last known address *or actually received by taxpayer in time to file timely petition* ). We, therefore, hold that actual receipt of notice of deficiency without prejudicial delay is sufficient for purposes of I.R.C. § 6212.

▇ Because the court's factual finding that P & Y received actual notice is supported by the record, it should not be disturbed on appeal. *See* Fed.R.Civ.P. 52(a); *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). Notification of the certified mail containing the deficiency notice was placed in P & Y's post office box, and the notice was subsequently refused. P & Y presented no evidence that anyone other than authorized agents of P & Y received mail at the post office box, or that the notice was refused by anyone other than one of its authorized rep-

---

1. P & Y also argues that the Tax Court abused its discretion in refusing to hear argument regarding P & Y's "last known address." The court did not abuse its discretion, as the question of "last

known address" was rendered moot by the court's finding that P & Y had received actual notice.

resentatives. Also, as the IRS points out, the U.S. Postal Service distinguishes between certified mail that is merely unclaimed and mail that has been "refused."

 P & Y contends that it never received actual notice of deficiency because it only received notice of the certified mail, not the notice of deficiency itself. In other words, P & Y argues that it only received "notice of the notice." We reject this argument. We support the Tax Court's view that a taxpayer should not be allowed to defeat actual notice by deliberately refusing delivery of the IRS's deficiency notice. We, likewise, will not allow P & Y to defeat actual notice by refusing delivery of the "notice of the notice." *See Eschweiler v. United States,* 877 F.2d 634, 637 (7th Cir.1989) (remanding for further factual findings to determine, *inter alia,* whether the taxpayer "actually received or intentionally avoided receiving the notice of deficiency").

Because the finding that actual notice was received is dispositive of this case, we decline to determine whether the post office box was P & Y's "last known address." We note, however, that Hallison Young, acting as counsel for P & Y, listed, as his address on the petition for redetermination filed by P & Y, the same post office box to which the notice of deficiency had been mailed. In fact, P & Y has listed the post office address on several filings with this court. There is, therefore, strong evidence that the post office box *was* P & Y's "last known address."

▪ Finally, contrary to P & Y's assertion, it will not be denied due process if its petition is dismissed. Dismissal will not leave P & Y without a remedy: P & Y can institute a refund action following full payment of the amount assessed. *See* I.R.C. § 6212(c); 28 U.S.C. § 1346(a)(1); *Cohen v. United States,* 297 F.2d 760, 772 (9th Cir.), *cert. denied,* 369 U.S. 865, 82 S.Ct. 1029, 8 L.Ed.2d 84 (1962).

**AFFIRMED.**