**Ellen V. ERHARD, Petitioner–Appellant,**

v.

**COMMISSIONER INTERNAL REVENUE SERVICE, Respondent–Appellee.**

No. 94–70749.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 1996.

Decided June 20, 1996.

Michael I. Saltzman, Baker & McKenzie, New York City, and Lawrence B. Silver, San Francisco, California, for petitioner-appellant.

Gary R. Allen and Jonathan S. Cohen, Tax Division, United States Department of Justice, Washington, DC, for respondent-appellee.

Before: CYNTHIA HOLCOMB HALL and BRUNETTI, Circuit Judges, and WEINER, District Judge.*

CYNTHIA HOLCOMB HALL, Circuit Judge:

Ellen Erhard appeals the Tax Court's dismissal of her petition as untimely filed. We affirm.

## I.

Ellen and Werner Erhard filed joint tax returns for the 1984, 1985, 1986, 1987, and 1988 tax years. When they divorced, Ellen executed a power of attorney appointing Werner as her attorney-in-fact and authorizing him to act on her behalf regarding the 1984, 1985, and 1986 tax years. Werner, in turn, executed a second power of attorney authorizing New York attorney Michael Saltzman to act on behalf of him and Ellen for the 1984, 1985, 1986, and 1987 tax years (hereinafter "Saltzman power").[1]

During this period, Ellen moved to and established residence in Novato, California. On her 1990 tax return, which she filed in June 1991, she listed her Novato address. Werner mailed the Saltzman power to the IRS four months later, on October 24, 1991; that power listed Ellen's address as New York, New York (the same as the firm where Saltzman worked).

On October 28, 1991, the IRS mailed examination reports for the 1987 *and 1988* tax years to the New York address. On February 3, 1992 and February 27, 1992, it mailed to the New York address a 30–day letter proposing deficiencies for the 1984, 1985, 1986, 1987 *and 1988* tax years. On April 10, 1992, it mailed a request for an extension of the limitations time for the 1985, 1986, 1987, *and 1988* tax years to New York. Saltzman responded to this request in April 1992.

While the IRS accepted the extensions for the 1984, 1985, 1986, and 1987 tax years, it did not for the 1988 tax year; instead, it mailed two notices of deficiency for that year—one to Werner's post-divorce Massa-chusetts address and another to Ellen's post-divorce Novato, California address. The notices were mailed on October 15, 1992. Sometime before October 28, 1992, Ellen received the letter, consulted her attorney, and refused delivery of the letter; she never opened it.

On December 3, 1993, Ellen filed a petition in the Tax Court contesting the assessment of a deficiency for the 1988 tax year. The IRS moved to dismiss on the ground that her petition was filed more than 90 days after the October 15, 1992 notice of deficiency. Ellen moved to dismiss on the ground that the notice was defective, arguing that the IRS should have mailed the notice to the New York address.

The Tax Court found that Ellen had received actual notice of the IRS' notice of deficiency at the time she refused delivery of the notice; her December 1993 petition, filed over a year after the IRS mailed the notice of deficiency, was thus untimely. This appeal followed.

## II.

■ The IRS must give notice to a taxpayer before it may assess or collect any tax deficiency. 26 U.S.C. § 6213(a). The IRS validly discharges this obligation if: (1) it mails the notice to the taxpayer's "last known address," 26 U.S.C. § 6212(b)(1); *Williams v. CIR*, 935 F.2d 1066, 1067 (9th Cir.1991); or (2) the taxpayer *actually receives* the notice, regardless of where the IRS mails the notice, *McKay v. CIR*, 886 F.2d 1237, 1239 (9th Cir.1989). In either situation, a taxpayer wishing to contest an assessment has 90 days from the date of mailing to file a petition in the Tax Court. 26 U.S.C. § 6213.

■ Actual, physical receipt of the notice is all that is required to have actual notice— the taxpayer does not have to open or read the notice. *Mulvania v. CIR*, 769 F.2d 1376, 1378 (9th Cir.1985) (citing *Clodfelter v. CIR*, 527 F.2d 754, 757 (9th Cir.1975), *cert. denied*,

---

* The Honorable Charles R. Weiner, Senior United States District Court Judge for the Eastern District of Pennsylvania, sitting by designation.

1. Because it is not at issue in this case, we need not address whether Saltzman could validly act for Ellen for the 1987 tax year, given that her grant of authority to Werner did not include that year.

425 U.S. 979, 96 S.Ct. 2184, 48 L.Ed.2d 805 (1976)) ("[A] notice of deficiency actually, physically received by a taxpayer is valid under § 6212(a) if it is received in sufficient time to permit the taxpayer, without prejudice, to file a petition in the Tax Court...."); *Patmon & Young Prof'l Corp. v. CIR*, 55 F.3d 216, 218 (6th Cir.1995). In *Patmon & Young*, the IRS mailed a notice of deficiency to the taxpayer, who, without opening it, refused to accept it. The Tax Court did not reach the taxpayer's argument that the IRS mailed the notice to the wrong address; it instead found that the taxpayer had received actual notice of the deficiency. It reasoned that "a taxpayer should not be allowed to defeat actual notice by deliberately refusing delivery of the IRS's deficiency notice." *Id.* at 218.

We believe *Patmon & Young* is indistinguishable from the case before us. In both cases, the taxpayer refused delivery of a notice of deficiency which she held in her hands and simply refused to open or read; indeed, Ellen rejected the notice *after consulting an attorney.*

We are not persuaded by Ellen's attempts to distinguish *Patmon & Young.* She first argues that the IRS, by mailing its other correspondence regarding the 1988 tax year to the New York address, mislead her into believing that whatever it might mail to the Novato, California address would be either duplicative or unimportant. Thus, she argues, her decision to refuse delivery was understandable in light of the IRS' misleading conduct. *Patmon & Young*, however, draws no distinction between a "purposeful" refusal of delivery and an "understandable" or "excusable" refusal of delivery. Nor will we not draw such a line in the sand and thereby sanction willful blindness to the actions of the IRS—the least we can expect of taxpayers is that they open the mail they receive from the IRS.[2]

Ellen next argues that the IRS' conduct in mailing all prior 1988 tax year information to New York was so misleading that it vitiated her actual notice. She relies on *Pyo v. CIR*, 83 T.C. 626, 1984 WL 15623 (1984). In *Pyo*, the IRS, in April 1981, mailed notices of deficiency for the 1976 and 1977 tax years to the taxpayers' previous address; the notices were returned, unopened and undeliverable. When the taxpayers inquired about the status of those tax years in March 1982, the IRS sent new notices of deficiency for 1976 and 1977 with an accompanying letter explaining that the 90–day period to file a petition had long since expired. Although the taxpayers legally had 90 days to petition from the actual receipt of the March 1982 letter, the taxpayers, in reliance on the IRS' letter, did not file a petition during that time period. The Tax Court would not dismiss their petition, however. It reasoned that although the IRS had given them actual notice with the notices of deficiency, it had, at the same time, vitiated that notice with the accompanying letter. *Id.* at 639.

We do not believe that the IRS's conduct in this case, even if confusing, rises to the level of flatly misleading behavior present in *Pyo*. In *Pyo*, the taxpayers were told that filing a petition would be futile; in so doing, the IRS effectively took away the right to petition which actual notice had bestowed upon them. In this case, however, the IRS did nothing to vitiate the actual notice Ellen received in refusing delivery of its letter.

For these reasons, we AFFIRM the Tax Court's dismissal of Ellen's petition but note that our decision does not preclude Ellen from paying the tax and instituting a separate refund suit.[3]

---

2. Requiring the IRS to mail the 1988 notice of deficiency to Saltzman would furthermore force the IRS to engage in unlawful activity. *See Latch v. United States*, 842 F.2d 1031, 1032 n. 1 (9th Cir.1988) ("[A]s [the taxpayers] had not properly executed a power of attorney, the IRS

was legally precluded from giving notice to anyone other than the [taxpayers].").

3. We therefore need not decide whether the IRS mailed the 1988 notice to Erhard's "last known address."