108 F.3d 1376
 79 A.F.T.R.2d 97-1986, 97-1 USTC P 50,346
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mark S. BURROW, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 96-1733.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1997.
 
 U.S.T.C., No. 95-20617.
 U.S.T.C.
 AFFIRMED.
 Before: JONES, SUHRHEINRICH, and SILER, Circuit Judges.
 
 ORDER
 
 1
 Mark S. Burrow, proceeding pro se, appeals an order of the United States Tax Court granting the Commissioner's motion to dismiss the appeal for lack of jurisdiction, under I.R.C. § 6213(a). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On January 18, 1995, the Commissioner mailed to Burrow a notice of deficiency for the tax years 1990 and 1992. Burrow did not file a petition for redetermination of that notice until October 10, 1995. After a hearing, the Tax Court granted the Commissioner's motion to dismiss the appeal, pursuant to I.R.C. § 6213(a).
 
 
 3
 On appeal to this court, Burrow argues: 1) the Tax Court erred when it granted the Commissioner's motion for a continuance of the hearing; 2) the Commissioner "suppressed prima facie evidence" of Burrow's last known address; 3) the Tax Court erred in determining that the Commissioner mailed the notice of deficiency to Burrow's last known address; and 4) the Tax Court erred when it permitted the Commissioner to rely on the address provided with Burrow's 1991 tax return. Burrow has also filed with this court a motion to proceed in forma pauperis and a motion for the appointment of counsel.
 
 
 4
 The Tax Court properly dismissed Burrow's appeal for lack of jurisdiction, because Burrow did not file a petition for redetermination of the Commissioner's tax deficiency notice within ninety days of the date the Commissioner mailed the notice. Patmon and Young Prof'l Corp. v. Commissioner, 55 F.3d 216, 217 (6th Cir.1995). See also Wiley v. United States, 20 F.3d 222, 224 (6th Cir.1994) (actual receipt of the notice is not necessary).
 
 
 5
 The Commissioner relied on the address that Burrow provided with his 1991 tax return, the last return this taxpayer had filed with the IRS at the time the Commissioner sent the deficiency notice. Because Burrow had not given the IRS a "clear and concise notice" of a change from this address after the 1991 return was filed, the Commissioner could consider this as Burrow's last known address, under the regulations. King v. Commissioner, 857 F.2d 676, 679 (9th Cir.1988); United States v. Zolla, 724 F.2d 808, 810 (9th Cir.), cert. denied, 469 U.S. 830 (1984). Moreover, the Tax Court's decision to grant the Commissioner's motion for a continuance of the hearing was not an abuse of that court's authority in interpreting and applying its own procedural rules. See Smith v. Commissioner, 926 F.2d 1470, 1478 (6th Cir.1991).
 
 
 6
 Accordingly, Burrow's motion for in forma pauperis status is granted for the limited purpose of deciding this appeal, his motion for counsel is denied, and the Tax Court's order dismissing the appeal for lack of jurisdiction is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.