114 T.C. No. 37


UNITED STATES TAX COURT


STEVEN AND DAVINA SEGO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12313-99L.                 Filed June 30, 2000.

Ps commenced a proceeding in response to two
Notices of Determination Concerning Collection
Action(s) Under Section 6320 and/or 6330.  P husband
had received a notice of deficiency but returned it to
the IRS with frivolous language written on it; he did
not file a petition in response to the notice of
deficiency.  Attempts to deliver the notice of
deficiency to P wife were made at Ps' residence, but
the notice was returned unclaimed.  Ps seek in this
action to challenge the underlying merits of
respondent's determination in the statutory notices of
deficiency rather than challenging the appropriateness
of the intended method of collection, offering an
alternative means of collection, or raising spousal
defenses to collection.  <u>Held</u>, there was no abuse of
discretion by respondent in allowing collection to
proceed.

Steven Sego and Davina Sego, pro se.

Thomas N. Tomashek, for respondent.

OPINION

COHEN, Judge:  The petition in this case was filed in response to two Notices of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.  The notice of determination sent to Steven Sego set forth the following:

Summary of Determination

The Service should proceed with the proposed levy action.

Matters Considered at your Appeals hearing

- The requirements of various applicable law or administrative procedures have been met based upon the best information available.

- No spousal defenses were raised.

- No offers of collection alternatives were made.

- Challenges to the existence or amount of liability were raised including additional challenges as to the appropriateness of the collection actions on the basis of moral, religious, political, constitutional, conscientious, or similar grounds.

- On August 13, 1997, the Service issued a notice of deficiency to you for taxable years ending December 31, 1993, 1994, and 1995.  The notice of deficiency was mailed to your last known address.  You failed to petition the Tax Court for

redetermination and thus, the notice of deficiency was defaulted and the proposed deficiencies were assessed. The liability as reflected in the notice of deficiency was based upon the community property laws of the State of Idaho and your proportionate share of the community income.

- The assessments are deemed correct because you have failed to present any credible evidence to overcome the Commissioner's presumption of correctness. You have continued to procrastinate with regards to providing additional information or evidence to support your position. You have made numerous arguments based upon moral, religious, political, constitutional, conscientious, or similar grounds which Appeals believes are without merit.

- Appeals believes the proposed enforcement action balances the need for the efficient collection of taxes with your concerns as to the intrusiveness of the action to be taken.

The notice of determination sent to Davina Sego set forth the following:

Summary of Determination

The Service should proceed with the proposed levy action.

Matters Considered at your Appeals hearing

- The requirements of various applicable law or administrative procedures have been met based upon the best information available.

- No return was filed and thus, the spousal defense is not applicable.

- No challenges were raised to the appropriateness of the collection actions.

- No offers of collection alternatives were made.

- You believe the liability is invalid because you either (1) had no sources of income, or (2) had no

> filing requirements, or (3) did not receive a notice of deficiency.

- On August 13, 1997, the Service issued a notice of deficiency to you for taxable years ending December 31, 1993, 1994, and 1995. The notice of deficiency was mailed to your last known address. You failed to accept delivery of said notice of deficiency and you subsequently failed to timely petition the Tax Court for redetermination of the proposed liability. The liability as reflected in the notice of deficiency was based upon the community property laws of the State of Idaho and your proportionate share of the community income.

- Appeals believes the proposed enforcement action balances the need for the efficient collection of taxes with your concerns as to the intrusiveness of the action to be taken.

In the petition, it is alleged that, after a conference conducted with an Internal Revenue Service Appeals officer, petitioners received additional documents relating to disputed gains on sales transactions and that petitioners "found that the IRS had created income to Petitioners based on statistics, and this was unknown to Petitioners until after the conference". The petition also contains various accusations concerning the credibility of the statements in the above-quoted notices of determination.

Respondent contends that section 6330(c)(2)(B) precludes petitioners from challenging the existence or amount of their income tax liability for 1993, 1994, and 1995, because petitioners had received statutory notices of deficiency for that liability.

## Background

Statutory notices with respect to 1993, 1994, and 1995 were sent to each petitioner on August 13, 1997. Duplicate originals were sent to Steven Sego; one of those was sent by certified mail to an address in Spirit Lake, Idaho, and one was sent by regular mail to the address in Rathdrum, Idaho, that is the address used on the petition in this case. The statutory notice sent to Steven Sego in Spirit Lake, Idaho, was returned undelivered by the Postal Service. The statutory notice sent to Steven Sego by regular mail was returned to respondent on October 10, 1997. Handwritten across the first page of the returned statutory notice were the words "This presentment Dishonored at UCC 1-207". At the time the notice was returned to respondent by Steven Sego, there remained 31 days for Steven Sego to petition the Tax Court. He did not do so.

With respect to Davina Sego, respondent asserts that a statutory notice of deficiency was sent to her for 1993, 1994, and 1995 at the Rathdrum, Idaho, address, as shown by the postmark stamped on the executed Application for Registration or Certification, U.S. Postal Service Form 3877, a copy of which is in the record. Respondent contends that, after leaving two notices of certified mail in petitioners' mailbox on August 18, 1997, and on August 25, 1997, the notice of deficiency was returned to respondent by the Postal Service.

The record contains other documents that respondent asserts are indicative of Steven Sego's "deliberate practice of refusing to accept mail sent by respondent, including (a) the 'Refusal to Accept Service of Form 668-(Y)(c)' stated in a document entitled 'Final Declaration - Form 668(Y)(c) Refused for Cause without Dishonor & Notice of Default' dated July 12, 1998". Respondent further alleges:

> A document entitled "Witnessed Notice & Refusal" dated July 12, 1998, confirms that petitioner Davina Sego shared in her husband's views and practices with regard to the refusal to accept mail from respondent. In that document Davina Sego referred to her husband's "Final Declaration - Form 668(Y)(c) Refused for Cause without Dishonor & Notice of Default" of the same date, and requested that it "be deemed as if I had stated it."
> * * *

Respondent's position is that "The foregoing evidence leads to the conclusion that petitioner Davina Sego deliberately refused to claim the statutory notice of deficiency mailed to her on August 13, 1997."

The Postal Service employee responsible for the postal route that includes petitioners' address testified that she attempted delivery of certified mail to Davina Sego on August 18, 1997, and left a second notice of attempted delivery on August 25, 1997. By reference to exhibits, she identified the certified mail as the August 13, 1997, statutory notice of deficiency.[1]

---

[1] Petitioners sought to reopen the record by reference to subsequent events allegedly reflecting on the credibility of the
(continued...)

Davina Sego testified that "I do not recall ever getting any yellow slips for--and I did not receive a statutory notice." Her position is: "It's all--that has all been fabricated. My notice of deficiency, these certificates that the post office was supposed to try to mail me, everything has been fabricated. Because if I had received the certificates, it would have been replied to as we replied to [Steven Sego's notice]."

## Discussion

The statutory background of proceedings such as this one is set forth in Goza v. Commissioner, 114 T.C. 176 (2000). For completeness and because of its direct relevance, we repeat here that portion of the discussion.

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy upon property belonging to the taxpayer. Section 6331(d) provides that the Secretary is obliged to provide the taxpayer with notice, including notice of the administrative appeals available to the taxpayer, before proceeding with collection by levy on the taxpayer's property.

---

[1](...continued)
Postal Service witness. Petitioners' proffered evidence and arguments in this regard, however, do not undermine the testimony of the witness as corroborated by the physical exhibits in this case.

In the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746, Congress enacted new sections 6320 (pertaining to liens) and 6330 (pertaining to levies) to provide due process protections for taxpayers in tax collection matters. Section 6330 generally provides that the Commissioner cannot proceed with the collection of taxes by way of a levy on a taxpayer's property until the taxpayer has been given notice of and the opportunity for an administrative review of the matter (in the form of an Appeals Office due process hearing) and, if dissatisfied, with judicial review of the administrative determination. Section 6330(e) generally provides for the suspension of the period of limitations on collection during the period that administrative and judicial proceedings are pending and for 90 days thereafter. Section 6330 is effective with respect to collection actions initiated more than 180 days after July 22, 1998 (January 19, 1999). See RRA 1998 sec. 3401(d), 112 Stat. 750.

Section 6330(c) prescribes the matters that may be raised by a taxpayer at an Appeals Office due process hearing in pertinent part as follows:

> SEC. 6330(c). Matters Considered at Hearing.--In the case of any hearing conducted under this section--
>
> (1) Requirement of investigation.--The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.

(2) Issues at hearing.--

    (A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--

        (i) appropriate spousal defenses;

        (ii) challenges to the appropriateness of collection actions; and

        (iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.

    (B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

(3) Basis for the determination.--The determination by an appeals officer under this subsection shall take into consideration--

    (A) the verification presented under paragraph (1);

    (B) the issues raised under paragraph (2); and

    (C) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary.

In sum, section 6330(c) provides for an Appeals Office due process hearing to address collection issues such as spousal

defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office due process hearing only if the taxpayer did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute such tax liability.

Section 6330(d) provides for judicial review of respondent's determination.  Although section 6330 does not prescribe the standard of review that the Court is to apply in reviewing the Commissioner's administrative determinations, the subject is addressed in detail in the legislative history of the provision. In particular, H. Conf. Rept. 105-599, at 266 (1998), states in pertinent part:

> Judicial review
>
> The conferees expect the appeals officer will prepare a written determination addressing the issues presented by the taxpayer and considered at the hearing. * * * Where the validity of the tax liability was properly at issue in the hearing, and where the determination with regard to the tax liability is part of the appeal, no levy may take place during the pendency of the appeal.  The amount of the tax liability will in such cases be reviewed by the appropriate court on a de novo basis.  Where the validity of the tax liability is not properly part of the appeal, the taxpayer may challenge the determination of the appeals officer for abuse of discretion.  * * *

Accordingly, where the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis.  However, where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion.

In Goza v. Commissioner, 114 T.C. 176 (2000), we concluded that the taxpayer had failed to raise a valid challenge to respondent's proposed levy before the Appeals Office and had continued to assert frivolous constitutional claims in his petition for review filed with this Court.  Insofar as the petition seeks relief with respect to Steven Sego, the reasoning of Goza is applicable.  Steven Sego received the statutory notice of deficiency in time to file a petition but repudiated that right by returning to respondent the statutory notice with frivolous language on it.  He did not file a petition, and the express language of section 6330(c)(2)(B) precludes de novo review of his tax liability in this proceeding.

Davina Sego did not actually receive a statutory notice of deficiency.  She contends that the statutory notice and the notices of attempted delivery of certified mail are "fabricated", but she also asserts that she would have responded to them in the same manner as her husband.  Thus, she has aligned herself with the pattern reflected in the record of rejecting mail from the

Internal Revenue Service, accusing supposed adversaries of false statements and fabrication of documents, and belatedly raising new issues.

The record in this case contains a copy of a notice of deficiency dated August 13, 1997, addressed to Davina Sego; a Form 3877 indicating that the notice was sent on the date it bears; corroborating Postal Service forms and testimony indicating attempted delivery of the statutory notice to Davina Sego at the address acknowledged by petitioners to be their residence; and evidence that Davina Sego would not have petitioned the Court in response to the statutory notice of deficiency if she had actually received it.  In the absence of clear evidence to the contrary, the presumptions of official regularity and of delivery justify the conclusion that the statutory notice was sent and that attempts to deliver were made in the manner contended by respondent.  See United States v. Zolla, 724 F.2d 808 (9th Cir. 1984); United States v. Ahrens, 530 F.2d 781 (8th Cir. 1976).

Davina Sego testified that she "did not recall" receiving the Postal Service notices and asserted that the statutory notice was "fabricated".  Her alleged subjective belief is not evidence, and there is no evidence of irregularity in this case.  See also Pietanza v. Commissioner, 92 T.C. 729 (1989), affd. 935 F.2d 1282 (3d Cir. 1991).  Based on the Court's observation of petitioners,

their claims are at best misguided and, in any event, unreliable and improbable. On the preponderance of the evidence, we conclude that the statutory notice of deficiency was sent to Davina Sego and that the notices of attempted delivery of certified mail were left at petitioners' residence as testified by the Postal Service employee. Further, we conclude that each petitioner had an earlier opportunity to dispute in this Court his or her tax liability for 1993, 1994, and 1995 and deliberately declined to do so. See sec. 6330(c)(2)(B).

The applicable legal principles with respect to Davina Sego are set forth in Erhard v. Commissioner, 87 F.3d 273 (9th Cir. 1996), affg. T.C. Memo. 1994-344, and Patmon & Young Professional Corp. v. Commissioner, 55 F.3d 216, 218 (6th Cir. 1995), affg. T.C. Memo. 1993-143, which held that taxpayers cannot defeat actual notice by deliberately refusing delivery of statutory notices of deficiency. Petitioners' conduct in this case constituted deliberate refusal of delivery and repudiation of their opportunity to contest the notices of deficiency in this Court, which provides the prepayment option for disputing tax liability. (They still have the option, however, of paying the tax and instituting suits for refund.) The provisions in section 6330(c)(2)(B) limiting in collection due process cases their right to contest the underlying tax liability are clearly intended to prevent the creation of a belated prepayment remedy

in cases such as this one.  The validity of the underlying tax liability is not properly before the Court.

As indicated above, petitioners' claims in part are based on events occurring after the Appeals Office hearing.  Matters raised after a hearing do not reflect on whether the determinations that are the basis of this petition were an abuse of discretion.  Attacks on the use of statistics to determine Steven Sego's income relate to the underlying liability and cannot be considered for the reasons set forth above.  There is no explanation or challenge in the petition to the appropriateness or inappropriateness of the intended method of collection, no offer of an alternative means of collection, and no spousal defenses.  The petition does not assert and there is no basis in the record for the Court to conclude that respondent abused his discretion with respect to any of these matters.

The decision in this case will indicate that we sustain respondent's administrative determination to proceed with collection against petitioners.  Our decision does not serve as a review of respondent's determination as to petitioners' underlying tax liability for 1993, 1994, or 1995.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.