T.C. Memo. 2002-269

UNITED STATES TAX COURT

EMILY T. NICHOLS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12336-01.                    Filed October 24, 2002.

<u>John F. Hernandez</u>, for petitioner.

<u>Nancy L. Karsh</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Chief Special
Trial Judge Peter J. Panuthos pursuant to the provisions of
section 7443A(b)(5) and Rules 180, 181, and 183.[1]  The Court

_____

[1]  Section references are to the Internal Revenue Code, as
amended.  Rule references are to the Tax Court Rules of Practice
and Procedure.

agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction.  Respondent contends that the petition was not timely filed and, therefore, the case should be dismissed for lack of jurisdiction.  As we discuss in greater detail below, we shall grant respondent's motion to dismiss.

### Background

Respondent issued a notice of deficiency dated December 8, 1994, to petitioner and her deceased husband, Pericles G. Nichols, determining a deficiency in their Federal income tax for the 1991 tax year of $409,892, and an addition to tax under section 6662(a) of $81,978.  On December 8, 1994, respondent mailed the notice of deficiency to "Pericles G. Nichols (Decd) and Emily T. Nichols", 9434 W. Broadview Drive, Bay Harbor Island, Florida 33154 (the Bay Harbor Island address).  The Bay Harbor Island address was the address where petitioner resided in 1994 and 1995.  The notice of deficiency mailed to the Bay Harbor Island address was returned to respondent unopened and marked as "Return to Sender".  The reason checked for being returned undelivered is itself illegible.  The envelope in which the notice of deficiency was mailed to the Bay Harbor Island address

bears the handwritten and encircled word "Deceased".  It is not clear from the record who wrote "Deceased" or when it was written.  Also, the U.S. Postal Service Form 3811 attached to the envelope in which the notice of deficiency was mailed reflects an illegible and crossed out signature on the line marked as "Signature (Agent)".

On the same date respondent mailed a duplicate notice of deficiency to "Pericles G. Nichols (Decd) and Emily T. Nichols", P.O. Box 2085, Palm Beach, Florida 33480 (the Palm Beach address).  The notice of deficiency mailed to the Palm Beach address was returned to respondent unopened and marked as "Forwarding Order Expired".

On April 13, 1995, respondent mailed a notice of deficiency for the 1991 tax year to "Pericles G. Nichols (Decd) and Emily T. Nichols", 999 Ponce de Leon Boulevard, Coral Gables, Florida 33134 (the Coral Gables address).  The notice of deficiency dated April 13, 1995, was mailed to the Coral Gables address and was otherwise identical to the notices mailed on December 8, 1994. Respondent explained that, upon receipt of the returned notices of deficiency mailed on December 8, 1994, he became aware that petitioner did not receive either of the duplicate notices of deficiency and decided to mail the notice of deficiency for the 1991 tax year to an additional address.  This notice of deficiency was returned to respondent unopened, marked as "Return

to Sender", and the reason checked is "Attempted Not Known".

Pericles G. Nichols died sometime between the date when the 1991 tax return was filed and the notices of deficiency were mailed on December 8, 1994.  Respondent was aware of Pericles G. Nichols's death prior to the mailing of the notices of deficiency on December 8, 1994.

On October 1, 2001, petitioner filed a petition for redetermination with the Court.  Petitioner resided in Bay Harbor Island, Florida, at the time she filed her petition.  Attached to the petition is a copy of the notice of deficiency mailed to the Palm Beach address.  The parties have stipulated that petitioner's last known address at all times relevant to the matter at hand was the Bay Harbor Island address.

Respondent filed a motion to dismiss for lack of jurisdiction.  Respondent contends that this case must be dismissed for lack of jurisdiction on the ground that the petition was not filed within the 90-day period prescribed in section 6213(a).  Petitioner filed an objection to respondent's motion to dismiss.  Petitioner contends that the issuance of the notice of deficiency to the Coral Gables address on April 13, 1995, acted to rescind, withdraw, or otherwise invalidate the duplicate notices of deficiency dated and mailed on December 8, 1994.  Respondent contends that a notice of deficiency was issued to petitioner's last known address, the Bay Harbor Island

address, on December 8, 1994, and this satisfies the requirements of section 6213.  Respondent asserts that the mailing of another notice of deficiency for the same tax year with a new date does not invalidate the prior valid notice of deficiency.

## Discussion

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition.  Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989).  Section 6212(a) expressly authorizes respondent, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail.  It is sufficient for jurisdictional purposes if respondent mails the notice of deficiency to the taxpayer's "last known address". Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). If a deficiency notice is mailed to the taxpayer's last known address, actual receipt of the notice is immaterial.  King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987).  A misaddressed notice of deficiency that is returned to the Commissioner undelivered is null and void. Mulvania v. Commissioner, 769 F.2d 1376, 1380-1381 (9th Cir. 1985), affg. T.C. Memo. 1984-98.  The taxpayer generally has 90 days from the date the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a).

There is no question that the petition was not timely filed and that we lack jurisdiction over the petition filed herein. We must decide, however, whether the matter should be dismissed against respondent because the notice of deficiency was invalid or rescinded, or against petitioner because the petition was in response to a valid notice of deficiency but was untimely. Pietanza v. Commissioner, 92 T.C. 729, 735-736 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991); see also Mollet v. Commissioner, 757 F.2d 286 (11th Cir. 1985), affg. 82 T.C. 618 (1984).

A taxpayer to whom a notice of deficiency has been properly mailed cannot defeat actual notice by deliberately refusing delivery of the notice of deficiency. Patmon & Young Profl. Corp. v. Commissioner, 55 F.3d 216, 218 (6th Cir. 1995), affg. T.C. Memo. 1993-143; Sego v. Commissioner, 114 T.C. 604, 611 (2000).

Section 6212(d) authorizes the Commissioner, with the consent of the taxpayer, to rescind any notice of deficiency mailed to the taxpayer. If a notice of deficiency is rescinded, the taxpayer has no right to file a petition with the Court based on such a notice. Hanashiro v. Commissioner, T.C. Memo. 1999-78; Powell v. Commissioner, T.C. Memo. 1998-108. No statutory provision specifically addresses whether respondent may unilaterally abandon or withdraw a notice of deficiency or the

effect of such an abandonment or withdrawal.  Mitteldorfer
Straus, Inc. v. Commissioner, T.C. Memo. 1979-503 (citing
Skaneateles Paper Co. v. Commissioner, 29 B.T.A. 150 (1933));
Holter v. Commissioner, T.C. Memo. 1978-411.

Petitioner agrees that, in 1994 and 1995, her last known
address was the Bay Harbor Island address.  We conclude that the
notice of deficiency that was mailed to the Bay Harbor Island
address on December 8, 1994, was properly mailed to petitioner's
last known address.  She has not argued, and there are no facts
in the record that would indicate, that the U.S. Postal Service
mishandled the notice of deficiency mailed to the Bay Harbor
Island address.  In fact, petitioner's counsel explained to the
Court that Pericles G. Nichols died sometime before the December
8, 1994, notice of deficiency was mailed to the Bay Harbor Island
address, and that during this time petitioner had received a
great volume of mail and "she wasn't paying attention to
everything that was going on".  It seems more likely than not
that the notice of deficiency sent to petitioner's last known
address was returned undelivered because of petitioner's refusal
of delivery.  As such, respondent has done all he could
reasonably do to provide notice to petitioner.  Erhard v.
Commissioner, 87 F.3d 273 (9th Cir. 1996), affg. T.C. Memo. 1994-
344; Patmon & Young Profl. Corp. v. Commissioner, supra at 218.

There is no indication in the record that respondent

intended to rescind, or that petitioner consented to, rescission of the notice of deficiency mailed to the Bay Harbor Island address.  Also, there is no evidence that respondent withdrew or otherwise caused the notice of deficiency mailed to the Bay Harbor Island address to be invalidated.  The issuance of the notice of deficiency on April 13, 1995, is of no consequence because it was not mailed to petitioner's last known address and was not received.

To reflect the foregoing,

An order will be entered granting respondent's motion to dismiss for lack of jurisdiction.