# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3187

_____

F. W. Black; Lauraine G. Black,     \*
     \*
     Appellants,     \*
     \*   Appeal from the United States
     v.     \*   Tax Court.
     \*
Commissioner of Internal Revenue,     \*   [UNPUBLISHED]
     \*
     Appellee.     \*

_____

Submitted: October 30, 2006
Filed:  December 4, 2006

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

F. W. Black and Lauraine G. Black (the Blacks) petitioned in the tax court for review of a decision by the Internal Revenue Service Administrative Office (IRS AO) allowing collection to proceed on their 1994 joint income tax liability following "Collection Due Process" (CDP) proceedings initiated by the Blacks pursuant to 26 U.S.C. § 6330.  The Blacks now appeal to this court pursuant to 26 U.S.C. § 7482 from the tax court's adverse grant of summary judgment in favor of the Commissioner of Internal Revenue.

We review the tax court's grant of summary judgment de novo, and the underlying determinations by the IRS AO for abuse of discretion.  *See Kindred v.*

*Comm'r*, 454 F.3d 688, 693-94 (7th Cir. 2006) (standards of review). The record from the administrative CDP proceedings establishes beyond genuine dispute that the Blacks knew or reasonably should have known that the notice of deficiency sent to their correct address was intended for them, given the lengthy history of correspondence between the IRS and the Blacks, who had consistently refused to cooperate with the IRS's repeated requests for substantiation of their 1994 deductions. Thus, the IRS AO did not abuse its discretion in determining that the Blacks' refusal to accept delivery of the notice of deficiency did not invalidate the notice, and the IRS could proceed with collection of the Blacks' 1994 tax liability. *See Robinette v. Comm'r*, 439 F.3d 455, 459 (8th Cir. 2006) (review in tax court and appellate court generally limited to record created in administrative CDP proceedings); *Patmon & Young Prof'l Corp. v. Comm'r*, 55 F.3d 216, 218 (6th Cir. 1995) (taxpayer should not be allowed to defeat actual notice by deliberately refusing delivery of IRS's deficiency notice).

The decision of the tax court is affirmed.

_____