T.C. Summary Opinion 2007-23


UNITED STATES TAX COURT


ROBERT E. AUSTIN, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12118-04S.          Filed February 20, 2007.


<u>Robert E. Austin, Jr.</u>, pro se.

<u>Michael D. Zima</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>: This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Some of the facts were stipulated. Those facts, with the annexed exhibits, are so found and are incorporated herein by

[1]Unless otherwise indicated, subsequent section references are to the Internal Revenue Code as amended.

reference.  At the time the petition was filed, petitioner was a legal resident of Leesburg, Florida.

Petitioner seeks a review under section 6320(b) of the filing of a notice of lien under section 6323 with respect to his Federal income taxes for the years 1997, 2000, and 2001.  As of June 15, 2004, petitioner's unpaid tax liabilities were $48,122, $3,227.99, and $36,897.19, respectively, for 1997, 2000, and 2001.  Prior to respondent's issuance of the tax lien notice, petitioner had made an offer in compromise for settlement of these liabilities; however, that offer was not considered because petitioner was not "compliant" in the filing of his 2002 Federal income tax return and, additionally, had not made estimated tax payments for the year 2003.

Petitioner filed Federal income tax returns for the 3 years at issue.  For the year 1997, petitioner filed as a single person.  Petitioner married Carolyn Bair during 1998, and they filed joint Federal income tax returns for the 2 other years at issue, 2000 and 2001.  Petitioner's spouse is not a party in this proceeding.

Petitioner is an attorney and is engaged in the practice of law.  No notices of deficiency were issued with respect to the 3 years at issue.  The unpaid taxes arise from underpayments by petitioner of the taxes shown on his income tax returns.

Following issuance by respondent's notice of the filing of a tax lien with respect to the years at issue, 1997, 2000, and 2001, petitioner timely requested a hearing. That hearing was conducted by telephone between respondent's Appeals officer and petitioner's certified public accountant, Mr. Shaw. A notice of determination was thereafter issued based upon the failure to make payments on the amounts due and the failure to offer a viable collection alternative. However, in the course of the contacts between petitioner's representative and the Appeals officer, the Appeals officer believed that petitioner was having financial difficulties and requested that petitioner provide him with financial information by a certain date. That information, however, was never provided, and the Appeals officer noted in the notice of determination: "Since I received no financial information, I could not determine a collection alternative." The Appeals officer concluded that issuance of the notice of determination was appropriate, and petitioner thereafter filed his petition in this Court timely. Petitioner did not challenge the underlying tax liability with the Appeals officer.

Petitioner contends he is entitled to a carryover of net operating losses that his spouse sustained in a real estate activity prior to their marriage and that these losses offset the tax liabilities that are the subject of this case. Petitioner,

therefore, challenges the underlying deficiencies for the 3 years at issue.  Respondent, however, takes exception to petitioner's claim.

As noted earlier, there were no notices of deficiency issued to petitioner for the years at issue, 1997, 2000, and 2001. Section 6330(c)(2)(B) states:

> (B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

Petitioner did not avail himself of the opportunity to challenge the lien and the tax liability with the Appeals officer.  In fact, the Appeals officer left the door open for such a challenge as he indicated a belief in his determination notice that petitioner may have been experiencing financial difficulties and held the door open for that specific reason.  At that time, petitioner would have had the opportunity to challenge the underlying liabilities.  He failed to do that.  The underlying tax liabilities, therefore, are not properly at issue.  When, as here, the underlying liability is not at issue, this Court reviews the Commissioner's determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000).  Accordingly, the Court holds that there was no abuse of discretion by respondent

in determining that collection could proceed with respect to petitioner's liabilities for the years in question.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>