T.C. Memo. 2010-35



UNITED STATES TAX COURT



JOE REY AND LINDA GONZALES, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13438-07L.              Filed February 23, 2010.



Joe Rey Gonzales and Linda Gonzales, pro sese.

Jeffrey D. Heiderscheit, for respondent.



MEMORANDUM FINDINGS OF FACT AND OPINION


COHEN, Judge:  This case was commenced in response to a
notice of determination concerning collection action that
sustained a lien filing with respect to petitioners' unpaid
Federal income taxes.  The issue for decision is whether the
determination was an abuse of discretion.  All section references
are to the Internal Revenue Code (IRC).

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in Texas at the time their petition was filed.

On August 9, 2004, petitioners agreed in writing to income tax examination changes by which deficiencies were determined for 2001 and 2002, primarily because of the disallowance of business expenses claimed on their returns for those years. Petitioners entered into an installment agreement to pay the 2001 and 2002 liabilities, but the last installment payment that they made was on September 6, 2006. Refunds due petitioners for 2005 and 2007 were applied toward the liability for 2001.

On April 13, 2006, the Internal Revenue Service (IRS) sent to petitioners a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320. The notice indicated that petitioners had unpaid liabilities of $26,374.65 for 2001 and $3,241 for 2002. Petitioners requested a hearing under section 6320, asserting that "the tax liability will be reduced below the limitation amount designated as the amount for automatic lien levied [sic]. Furthermore, payments to reduce tax liability have been timely, as required."

Petitioner Joe Rey Gonzales (petitioner) participated in a hearing on November 7, 2006. Petitioners did not contest the amounts of their tax liabilities and presented no collection alternatives. Their position was that they had made required payments and that the balances had been reduced to an amount that, according to petitioner, was "near or below the $25,000 threshold amount which would automatically trigger tax liens securing the government's interest." He argued that the lien "has and will reduce our credit rating adversely and financial hardship has already developed".

On May 18, 2007, a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 was sent to each petitioner. The assessed balances were then shown as $17,878.65 for 2001 and $4,143.97 for 2002, for a total of $22,022.62. The notices concluded:

> After review, the proposed collection action, lien is appropriate based on the following: 1) review of the subsequent tax assessments per the taxpayers' consent are correct and remain owing 2) the taxpayers previously agreed to a long term installment arrangement of which all payments have not been made; 3)the taxpayers subsequently have not provided collection alternatives. As a result, the Notice of Federal Tax Lien filing by Compliance is being sustained. This account will be returned to Automated Collection for review and applicable collection action.

After the petition was filed, petitioners requested a second hearing and the opportunity to submit an offer-in-compromise. Respondent agreed to allow petitioners to present their case to a

second Appeals officer. The second Appeals officer contacted petitioners and requested financial information and completion of a Form 656, Offer in Compromise. Petitioners did not submit an offer-in-compromise and did not offer any other collection alternatives. They did not contest the underlying liabilities.

On June 16, 2009, supplemental notices of determination were sent to each petitioner. The notice explained that the lien was filed in accordance with all applicable laws, policies, and procedures. After petitioners' ability to pay the outstanding liabilities was determined, again the lien was sustained.

OPINION

Section 6321 imposes a lien in favor of the United States on all property and property rights of a taxpayer liable for taxes after a demand for the payment of the taxes has been made and the taxpayer fails to pay. The lien arises when the assessment is made. See sec. 6322. The IRS files a notice of Federal tax lien to preserve priority and put other creditors on notice. See sec. 6323. Section 6320(a) requires the Secretary to send written notice to the taxpayer of the filing of a notice of lien and of the taxpayer's right to an administrative hearing on the matter.

The hearing generally shall be conducted consistent with procedures set forth in section 6330(c), (d), (e), and (g). See sec. 6320(c). At the hearing a taxpayer may raise any relevant issue, including challenges to the appropriateness of the

collection action and possible collection alternatives. See sec. 6330(c)(2)(A). A taxpayer may contest the validity of the underlying tax liability, see sec. 6330(c)(2)(B), but petitioners have not done so here. They must, therefore, establish that the issuance of a notice of determination sustaining the lien filing was an abuse of discretion. See Sego v. Commissioner, 114 T.C. 604, 609-610 (2000). An abuse of discretion is shown only if the action of the Appeals officer was arbitrary, capricious, or without sound basis in fact or law. See Giamelli v. Commissioner, 129 T.C. 107, 111 (2007).

Respondent moved for summary judgment, but petitioners raised material issues of fact and suggested that the administrative record was incomplete; the motion for summary judgment was denied.

Petitioner testified at trial. Petitioner contends that there was an abuse of discretion in that the collection officer who set up his payment plan and the two officers who conducted the hearings he requested did not properly weigh the facts and consider the financial hardship that the lien would bring about. In other words, he argues that the lien is more intrusive than necessary.

Petitioner admits that he cannot cite any specific financial hardship but claims that he is concerned about his job security and other potential adverse effects on his credit ratings. He

argues, but has not shown, that the conclusion that petitioners have the ability to pay the outstanding liabilities is erroneous, which is a less rigorous standard than arbitrary and capricious. He argues that the determination that petitioners have the ability to pay the balances owed is inconsistent with the need for a lien to secure the Government's interest, but that argument has no merit. Petitioners' failure to make voluntary payments since September 2006 supports the need for a lien.

Petitioners have not cited, and we have not found, any authority that would support their positions. We cannot conclude that sustaining the lien was an abuse of discretion. By reason of the foregoing,

<u>Decision will be entered for respondent</u>.