T.C. Memo. 2010-246

UNITED STATES TAX COURT

RONALD M. COSTI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26482-09L.          Filed November 10, 2010.

Ronald M. Costi, pro se.

<u>Anna A. Long</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  This case was commenced under section 6330 in response to a notice of determination concerning collection action sustaining a lien to secure petitioner's unpaid tax liabilities for 2004 and 2006.  The issue for decision is whether sustaining the lien was an abuse of discretion.  All section references are to the Internal Revenue Code.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in California at the time his petition was filed. At all material times he was an insurance agent.

Petitioner filed 2004 and 2006 Federal income tax returns on which he reported tax due of $47,579 and $43,492, respectively. He did not make required estimated tax payments for either year but did make payments reducing the tax liabilities. As of November 26, 2008, balances remained outstanding on the liabilities for 2004 and 2006, and petitioner does not dispute the liabilities. In February 2006, he entered into an installment payment agreement for the balance of his 2004 liability. He defaulted on that agreement by not making timely estimated tax payments for subsequent years.

On November 26, 2008, the Internal Revenue Service (IRS) filed a notice of Federal tax lien for 2004 and 2006. Petitioner requested a hearing under sections 6320 and 6330. Petitioner submitted information to a representative of the IRS Appeals Office and entered into negotiations for installment payments on the unpaid balances of his liabilities. A hearing was subsequently conducted by another IRS employee who had recently become a settlement officer in the Appeals Office and had limited experience handling hearings under section 6330. Petitioner

requested that the lien be removed, and the settlement officer indicated that she would recommend removal of the lien but that her recommendation was subject to managerial review. The removal of the lien was not approved, however, and the settlement officer's request that it be removed was ultimately withdrawn.

The settlement officer verified that the requirements of applicable law and administrative procedure had been met and determined that the filing of the lien was appropriate to protect the Government's interest. On October 5, 2009, a notice of determination sustaining the lien was sent to petitioner.

OPINION

Section 6321 imposes a lien in favor of the United States on all property and property rights of a taxpayer liable for taxes after a demand for the payment of the taxes has been made and the taxpayer fails to pay. The lien arises when the assessment is made. See sec. 6322. The IRS files a notice of Federal tax lien to preserve priority and put other creditors on notice. See sec. 6323. Section 6320(a) requires the Secretary to send written notice to the taxpayer of the filing of a notice of lien and of the taxpayer's right to an administrative hearing on the matter.

The hearing generally shall be conducted consistent with procedures set forth in section 6330(c), (d), (e), and (g). See sec. 6320(c). At the hearing a taxpayer may raise any relevant issue, including challenges to the appropriateness of the

collection action and possible collection alternatives.  See sec. 6330(c)(2)(A).  Taxpayers are to provide all relevant information requested by Appeals.  Sec. 301.6330-1(e)(1), Proced. & Admin. Regs.

Under section 6330(c)(2)(B) a taxpayer may contest the validity of the underlying tax liability, but petitioner has not done so.  Therefore, to prevail petitioner must establish that the issuance of the notice of determination sustaining the lien filing was an abuse of discretion.  See Sego v. Commissioner, 114 T.C. 604, 609-610 (2000).  An abuse of discretion is shown only if the action of the Appeals officer was arbitrary, capricious, or without sound basis in fact or law.  See Giamelli v. Commissioner, 129 T.C. 107, 111 (2007).

Petitioner represents that he timely contacted the Appeals Office and made arrangements to make payments on the unpaid balances of his liabilities.  He contends that sustaining the lien was an abuse of discretion because he was initially told that the lien would be withdrawn and was given inconsistent information by different representatives in the Appeals Office. He implies that the change of position may have resulted from contact made with the IRS by his former wife.  His complaint is basically one of unfulfilled expectations.

The notice of determination reflects that the denial of the request for withdrawal of the lien occurred in part because

petitioner declined to provide information about how the lien would adversely affect him. There is no evidence in the administrative record or at trial suggesting that the lien is more intrusive than necessary to protect the Government's interest.

Although petitioner feels that he was misled into believing that the lien would be removed and that the Appeals Office communications and change of position were unfair, he has not shown that the lien was inappropriate. We cannot conclude that sustaining the lien was an abuse of discretion.

<u>Decision will be entered</u>
<u>for respondent</u>.