T.C. Memo. 2011-194

UNITED STATES TAX COURT

LILLIAN LAYTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24455-10L.                    Filed August 11, 2011.

Lillian Layton, pro se.

<u>Jonathan J. Ono</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  This case was commenced in response to a
Notice of Determination Concerning Collection Action(s) with
respect to petitioner's Federal income tax liability for 2004.
The issue for determination is whether it was an abuse of
discretion for the Internal Revenue Service (IRS) Appeals Office
to reject petitioner's offer-in-compromise (OIC) after including

a dissipated asset in calculating her reasonable collection potential (RCP). All section references are to the Internal Revenue Code.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Hawaii at the time she filed her petition.

Petitioner filed her Federal income tax return for 2004 on or about October 17, 2005. After the return was examined by the IRS, a notice of deficiency was sent to petitioner on February 20, 2007. Petitioner filed a petition in this Court, which was docketed as case No. 8780-07. A stipulated decision was entered on May 23, 2008, in which petitioner agreed to a deficiency of $9,155 for 2004. The deficiency and related interest were duly assessed on July 7, 2008, but the assessed amounts have not been fully paid.

On June 1, 2009, a Notice of Intent to Levy and Notice of Your Right to a Hearing was sent to petitioner with respect to the 2004 unpaid liability. Petitioner requested a hearing under section 6330. Petitioner submitted an OIC in the amount of $7,500 and provided financial data to support the OIC. The Appeals Office determined that petitioner had the ability to pay in full $13,064.49, the then balance of her liability for 2004, and rejected the OIC. Petitioner submitted statements from the

custodian of her Individual Retirement Accounts (IRAs) during the Appeals Office review that showed she received total IRA distributions of $57,602 in 2009. The Appeals officer calculated petitioner's necessary living expenses as $44,472 and deducted this amount from the total IRA distributions. In determining petitioner's ability to pay, the Appeals officer included in petitioner's assets the remaining $13,130 of the IRA distributions that had been used to pay other debts. After a series of exchanges between petitioner and Appeals, a notice of determination was sent to petitioner sustaining the proposed levy.

                              OPINION

Section 6330 provides for notice and opportunity for a hearing before the IRS may levy upon the property of any person. Under section 6330(c)(3), the determination to proceed with a collection action "shall take into consideration * * * whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary."

Petitioner does not now challenge her underlying liability, and she is precluded from doing so because she received a notice of deficiency for 2004. See sec. 6330(c)(2)(B). Accordingly, we review the Appeals Office's

determination for abuse of discretion.  See <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000).  An action constitutes an abuse of discretion if it is arbitrary, capricious, or without sound basis in fact or law.  <u>Giamelli v. Commissioner</u>, 129 T.C. 107, 111 (2007).

Section 7122(a) authorizes compromise of a taxpayer's Federal income tax liability in accordance with guidelines to be adopted by the Treasury.  The grounds for compromise of a tax liability include doubt as to collectibility.  Sec. 301.7122-1(b)(2), Proced. & Admin. Regs.  Doubt as to collectibility, "exists in any case where the taxpayer's assets and income are less than the full amount of the liability."  <u>Id.</u>  Generally, under the Commissioner's administrative guidelines, an offer to compromise based on doubt as to collectibility will be acceptable only if it reflects the RCP.  See Internal Revenue Manual (IRM), pt. 5.8.1.1.3(3) (Mar. 16, 2010); see also Rev. Proc. 2003-71, sec. 4.02(2), 2003-2 C.B. 517, 517 (stating that an offer will be considered acceptable if it reflects the taxpayer's RCP).  Where the Appeals officer has followed the IRS guidelines to ascertain a taxpayer's RCP and has rejected the taxpayer's collection alternative on that basis, we generally have found no abuse of discretion.  See <u>McClanahan v. Commissioner</u>, T.C. Memo. 2008-161; <u>Lemann v. Commissioner</u>, T.C. Memo. 2006-37.

Where a taxpayer has dissipated assets in disregard of the taxpayer's outstanding Federal income taxes, the dissipated assets may be included in the calculation of the minimum amount that is to be paid under an acceptable OIC. See IRM pt. 5.8.5.4(5) (Sept. 1, 2005). A dissipated asset is defined as any asset (liquid or not liquid) that has been sold, transferred, or spent on nonpriority items and/or debts and is no longer available to pay the tax liability. See Samuel v. Commissioner, T.C. Memo. 2007-312; IRM pt. 5.8.5.4(1) (Sept. 1, 2005). When the taxpayer can show that assets have been dissipated to provide for necessary living expenses, these amounts should not be included in the RCP calculation, including for example, "dissolving an IRA account to pay for necessary living expenses during unemployment". IRM pt. 5.8.5.4(4) (Sept. 1, 2005).

Petitioner acknowledges that she withdrew funds from her IRA and that she paid debts other than the balance of her tax liability for 2004. She explains that she was unemployed for 3 years and has been unable to pay the balance. She has not, however, challenged the calculation of her RCP or otherwise shown that it was an abuse of discretion for the Appeals Office to reject her OIC. Respondent's counsel has referred to other alternatives to avoid levy, but they are not within our jurisdiction to review the notice of determination in this case.

Upon due consideration of the entire record, we must sustain the notice of determination.

<u>Decision will be entered for respondent</u>.