T.C. Memo. 2002-48

UNITED STATES TAX COURT

TERRY K. MANN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6263-00L.               Filed February 21, 2002.

Joyce Griggs, for petitioner.

Ross M. Greenberg, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, Judge:  Petitioner petitioned the Court under section 6330(d).[1]  We must decide whether (1) respondent abused his discretion under section 6330 and (2) petitioner is liable for a section 6673(a)(1) penalty.

---

[1] Section references are to the Internal Revenue Code applicable to the years in issue.

## FINDINGS OF FACT

Most facts were stipulated. We incorporate herein by this reference the parties' stipulation of facts and the accompanying exhibits. Petitioner resided in Artesia, New Mexico, at the time his petition was filed with the Court.

In a letter dated September 13, 1999, respondent mailed a "Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing" to petitioner with respect to Federal income taxes. The September 13 notice informed petitioner of (1) respondent's intention to levy under section 6331 and (2) petitioner's right to Appeals Office consideration. Additionally, enclosed with the notice was a copy of Form 12153, Request for a Collection Due Process Hearing, to request a hearing with the Appeals Office.

On October 12, 1999, pursuant to section 6330(a), petitioner timely requested a hearing using the Form 12153. In the request for a hearing, petitioner questioned the existence of a "valid summary record of assessment pursuant to 26 CFR § 301.6203-1." On March 29, 2000, respondent mailed to petitioner a letter stating that it was the Appeals officer's "determination that * * * [petitioner's] reasons for disagreeing with the proposed enforcement actions are frivolous and without merit" and scheduling a hearing for April 19, 2000. Petitioner did not attend the scheduled hearing and did not contact the Appeals officer to reschedule the hearing.

On May 11, 2000, respondent issued a notice of determination to petitioner. The notice concluded: (1) All procedural, administrative, and statutory requirements were met; (2) petitioner failed to attend the scheduled hearing; (3) petitioner failed to present any collection alternatives; and (4) the proposed levy was justified. The Appeals officer sustained the proposed levy on the basis of his review of a computer transcript of respondent's records. The Appeals officer did not consider a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters.

On June 5, 2000, petitioner filed a timely petition with this Court. On December 4, 2000, counsel for respondent provided petitioner with a copy of a Form 4340 dated October 3, 2000.

OPINION

In a section 6330(d) appeal, where the validity of the underlying tax liability is properly at issue, the Court will review the liability de novo. Where the underlying liability is not at issue, the Court will review the Commissioner's administrative determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000). The validity of the underlying tax liability is not at issue in this case; consequently, we review respondent's actions under the abuse of discretion standard.

Petitioner alleges two errors by respondent.  First, petitioner alleges that the Appeals officer abused his discretion by failing to obtain from the Secretary an assessment document prepared by the assessment officer and certified under oath by an authorized official.  Instead, the Appeals officer relied upon computer transcripts to verify the existence of an assessment.  Second, petitioner alleges the Appeals officer failed to grant petitioner the requested hearing.

Section 6331(a) provides the Secretary with the authority to levy upon the property of a taxpayer who is liable to pay any tax and who neglects or refuses to pay such tax within 10 days after notice and demand for payment.  Section 6331(d) provides that the Secretary must provide the taxpayer with notice of intent to levy at least 30 days before the day of the levy.

In addition to the notice required by section 6331(d), section 6330 provides the taxpayer with the right to a prelevy hearing.  Section 6330(e) generally provides that if the taxpayer has timely requested a hearing with the Appeals Office, the Secretary's levy actions are suspended while the Appeals Office considers the matter and during any appeal therein.

Section 6330(c)(1) requires the Appeals officer to "obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met." Section 6330(c)(2) provides the taxpayer with the right to raise

issues including: Appropriate spousal defenses, challenges to the appropriateness of the collection actions, and offers of collection alternatives. Challenges to the underlying liability may be raised if the taxpayer did not receive a statutory notice of deficiency or otherwise have an opportunity to dispute the underlying liability. Judicial review of the Appeals officer's administrative determination is available in this Court, or if this Court lacks jurisdiction over the type of tax underlying the liability, in the appropriate U.S. District Court. See sec. 6330(d).

Issue 1. Verification of the Existence of an Assessment

Petitioner contends that the Appeals officer's reliance upon the computer transcript to verify the existence of an assessment does not comply with section 6330(c)(1). In relevant part, section 6330(c)(1) provides "the appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met." Respondent contends that the Appeals officer satisfied this requirement by reviewing the computer transcript to verify the existence of an assessment. Petitioner has not shown any irregularities in the assessment procedure. In this case, reliance upon the computer transcript to verify the existence of an assessment was not an abuse of discretion.

Petitioner also contends that he was not given a hearing as required by section 6330.  Respondent contends that the Appeals officer scheduled a hearing and provided petitioner with written notice of the hearing.  Petitioner has not contended that he did not receive notice of the scheduled hearing.  Petitioner did not attend the scheduled hearing and did not attempt to reschedule the hearing.  The Court agrees with respondent that petitioner was granted an opportunity for a hearing.  Accordingly, we hold that respondent's determination to proceed with the levy is not an abuse of discretion.

Issue 2.  Section 6673(a)(1) Penalty

We decline to impose a penalty under section 6673(a)(1).

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

An appropriate order will be issued, and decision will be entered for respondent.