VASQUEZ, J., concurring: I concur with the majority that we have jurisdiction to review respondent’s determination in this case. I write separately, however, because the majority opinion fails to address what standard of review we should apply. Section 6330(c)(3) provides that the Commissioner’s determination shall take into consideration: The verification presented under section 6330(c)(1), the issues raised under section 6330(c)(2), and whether the proposed collection action balances the need for efficient collection with the collection action’s being no more intrusive than necessary. Section 6330(c)(2) provides that at the section 6330 hearing a taxpayer may raise any relevant issue relating to the unpaid tax or proposed levy including appropriate spousal defenses, challenges to the appropriateness of the collection actions, and offers of collection alternatives. Sec. 6330(c)(2)(A). In appropriate circumstances, a taxpayer may also raise challenges to the existence or amount of the underlying tax liability. Sec. 6330(c)(2)(B). Although the majority interprets petitioners’ bankruptcy discharge argument as a challenge to the appropriateness of collection action under section 6330(c)(2)(A)(ii), majority op. pp. 120-121 n. 9, it is unclear to me how a challenge to the appropriateness of the collection action includes whether the bankruptcy court discharged the tax liability. A challenge to the appropriateness of the collection action appears to me to be more about the type and/or method of collection action chosen by the IRS. Whether petitioners’ taxes have been discharged in bankruptcy appears to be a challenge to the existence or amount of their underlying tax liability under section 6330(c)(2)(B). By claiming that the bankruptcy court discharged their tax liabilities, petitioners are claiming either that (1) as a result of the discharge their tax liability no longer exists or (2) regardless of the continuing existence of the debt, as a result of the discharge the amount of tax they are liable for is zero. Whether a taxpayer is challenging the existence or amount of the underlying tax liability is relevant because it determines the standard of review we apply. If the validity of the underlying tax liability is properly at issue, the Court reviews the matter on a de novo basis; however, if the validity of the underlying tax liability is not properly at issue, the Court reviews the Commissioner’s administrative determination for an abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). We adopted these standards of review based on the legislative history of section 6330: Where the validity of the tax liability was properly at issue in the hearing, and where the determination with regard to the tax liability is part of the appeal, no levy may take place during the pendency of the appeal. The amount of the tax liability will in such cases be reviewed by the appropriate court on a de novo basis. Where the validity of the tax liability is not properly part of the appeal, the taxpayer may challenge the determination of the appeals officer for abuse of discretion. * * * H. Conf. Rept. 105-599, at 266 (1998), 1998-3 C.B. 747, 1020; Sego v. Commissioner, supra at 609-610; Goza v. Commissioner, supra at 181. I see no reason to depart from our established caselaw. The majority opinion does not explicitly state what standard of review it applies. After concluding that we have jurisdiction to determine whether the bankruptcy court discharged petitioners from their unpaid tax liabilities, the majority opinion analyzes the discharge order of the bankruptcy court, the Bankruptcy Code, and existing precedent and concludes that the bankruptcy court did not discharge petitioners from their unpaid tax liabilities. Majority op. pp. 121-122. This analysis appears to be a review of respondent’s determination on a de novo basis. If we are not reviewing the existence or amount of the underlying tax liability, a de novo review would be inappropriate.[1] Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 181-182. The resolution of this case may not depend on what standard of review we apply; even so, we should apply the correct standard of review in this and future cases.[2] Laro, J., agrees with this concurring opinion. It is my opinion, however, that we should be applying a de novo standard of review in this case because I believe petitioners are challenging the existence or amount of the underlying tax liability. Furthermore, applying a de novo standard of review where the validity of the underlying tax liability is not in issue raises questions about our holdings in Sego v. Commissioner, 114 T.C. 604 (2000), and Goza v. Commissioner, 114 T.C. 176 (2000).