T.C. Memo. 2005-93


UNITED STATES TAX COURT


ROSIE L. MOORE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21712-04L.                  Filed May 2, 2005.


Rosie L. Moore, pro se.

<u>Beth A. Nunnink</u>, for respondent.


MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respon-
dent's motion for summary judgment (respondent's motion).  We
shall grant respondent's motion.

## Background

The record establishes and/or the parties do not dispute the
following.

Petitioner resided in Millington, Tennessee, at the time she filed the petition in this case.

Petitioner timely filed a Federal income tax (tax) return for her taxable year 2000 (2000 return). Respondent conducted an examination of petitioner's 2000 return. On April 18, 2002, respondent mailed a 30-day letter (respondent's 30-day letter) to petitioner at the following address: 2839 Coach Drive, Apartment 3, Memphis, Tennessee 38128. On May 22, 2002, respondent received correspondence from petitioner.

Thereafter, on October 29, 2002, respondent mailed to petitioner at the address to which respondent mailed respondent's 30-day letter a notice of deficiency with respect to petitioner's taxable year 2000, which she received. Petitioner did not file a petition in the Court with respect to the notice of deficiency relating to her taxable year 2000.

On April 21, 2003, respondent assessed petitioner's tax as well as interest as provided by law for her taxable year 2000. (We shall refer to any such unpaid assessed amounts, as well as interest as provided by law accrued after April 21, 2003, as petitioner's unpaid liability for 2000.)

Respondent issued to petitioner a notice of balance due with respect to petitioner's unpaid liability for 2000, as required by

section 6303(a).[1]

On April 8, 2004, respondent issued to petitioner a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to her taxable year 2000. On April 19, 2004, in response to the notice of intent to levy, petitioner filed Form 12153, Request for a Collection Due Process Hearing (Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office). Petitioner indicated in her Form 12153 that she did not agree with the "Filed Notice of Federal Tax Lien". However, respondent did not issue to petitioner a notice of Federal tax lien filing with respect to her taxable year 2000.

On October 13, 2004, respondent's Appeals officer (Appeals officer) held a telephonic conference (telephonic conference) with petitioner. During that telephonic conference, petitioner attempted to challenge the underlying tax liability for her taxable year 2000. The Appeals officer refused to consider any such challenge. That was because petitioner did not file a petition with the Court with respect to the notice of deficiency that she received from respondent with respect to her taxable year 2000. Except for her attempted challenge of the underlying tax liability for her taxable year 2000, petitioner raised no

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure.

other issues during the telephonic conference with the Appeals officer.

On October 22, 2004, the Appeals Office issued to petitioner a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination) in which the Appeals Office sustained the issuance of the notice of intent to levy. An attachment to the notice of determination stated in pertinent part:

**BRIEF BACKGROUND**

\*       \*       \*       \*       \*       \*       \*

In the Form 12153 you state that: "First, I got a letter from IRS saying I owed $4000 for the year of 2000. I had to send this information proving I was head of my household. I sent it twice before they came to the conclusion that I was head of household. I got that cleared up OK. Now they're saying I wasn't due the earned income credit for that year. Before they came up with this they asked me to send proof my dependents were in school. I faxed that information. I talked to Mr. Brown. He said it was not showing anywhere that they received this information."

A review of a transcript of your account indicates the following:

1. The 2000 return was filed by the 4/15/2001 due date.
2. The return reflected a tax liability of $0.00.
3. Withholding credits of $447 and the earned income credit of $3154 were claimed.
4. A refund of $3601 was issued 3/26/2001.
5. Your return was subsequently audited.
6. Additional tax of $666 and interest of $517.91 were assessed 4/21/2003. The earned income credit of $3154 was not allowed.
7. Your 2002 overpayments of $1207.41 were applied to the liability.

8. You have made no other payments.
9. At your request, the audit was reconsidered, but the adjustments were not changed.

## DISCUSSION AND ANALYSIS

### Applicable Law and Administrative Procedures

With the best information available, the requirements of various applicable law or administrative procedures have been met.

IRC §6331(d) requires that the Service notify a taxpayer at least 30 days before a Notice of Levy can be issued. IRC §6330(a) provides that no levy may be made unless the Service notifies a taxpayer of the opportunity for a hearing with Appeals.

A Letter 1058 Final Notice--Final Notice of Intent to Levy and Your Right to a Hearing was sent to you by certified mail 4/8/2004.

A levy source was identified prior to issuance of the Notice of Intent to Levy.

IRC §6330(c)(2)(A) allows the taxpayer to raise any relevant issue relating to the unpaid tax or the proposed levy at the hearing.

You were provided the opportunity to raise any issue at the hearing.

IRC §6330(c)(2)(B) provides that a taxpayer may only raise challenges to the existence or amount of the underlying tax liability if the person did not receive a statutory notice of deficiency for such tax liablity or did not otherwise have an opportunity to dispute the liability.

The Appeals Officer has had no prior involvement with respect to these liabilities as required by IRC §6330(b)(3).

**Relevant Issues Presented by the Taxpayer**

**Challenge to the amount of the liability**

You indicate in the Form 12153 that you do not agree with the amount of the liability.

A statutory notice of deficiency was issued on 10/29/2002 to:

> Rosie Moore
> 2839 Coach Dr Apt 3
> Memphis, TN 38128

The notice was not returned by the Post Office as undeliverable or unclaimed.

A copy of the notice is in the file.

When asked during the hearing whether you received the statutory notice * * * you stated that you could not recall.

The information in the file shows that you requested and received reconsideration of your audit. However, the audit adjustments were unchanged. The Appeals Officer explained that head of household filing status and the earned income credit were not allowed since it was determined that you did not meet the definition of "certain married individuals living apart" found in IRC §7703.

Since you were previously given the opportunity to contest the liability, the liability issue cannot be considered in the Collection Due Process Hearing.

**Challenges to the appropriateness**
**of the collection action**

You raised no specific challenge to the appropriateness of the collection action.

**Other issues**

In a letter dated 9/16/2004, the Appeals Officer advised you that to be considered for an installment agreement or offer in compromise, you must provide a completed Collection Information Statement (Form 433-

A).  This information was to be submitted within 14 days of the date of the letter, but was never provided. In the CDP hearing, you refused to discuss payment alternatives to the levy.

You raised no other issues.

**Balancing Efficient Collection and Intrusiveness**

The issuance of the Notice of Intent to Levy was not unnecessarily intrusive.  You did not contact the Service to make arrangements to pay or otherwise re-solve the liabilities.  The proposed collection action balances the need for the efficient collection of taxes with the legitimate concern that any collection action be no more intrusive than necesssary.

**MY EVALUATION**

Since you were previously given the opportunity to contest the liability, the liability issue cannot be considered in the CDP hearing.  The liability remains unpaid.  You have offered no payment alternative to the levy.  The Notice of Intent to Levy issued 4/8/2004 for tax year ending 12/2000 is sustained.

Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law.  Rule 121(b); Sunstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  In petitioner's response to respondent's motion (petitioner's response), petitioner agrees with the material facts set forth in respondent's motion and the attachments thereto.  We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

The only issue raised in petitioner's petition and in petitioner's response is the underlying tax liability for petitioner's taxable year 2000. In petitioner's response, petitioner states:

> 3. Please allow Petitioner to re-emphasize the overall issue in question raised by I.R.S. audit was that of Petitioner Rosie L. Moore's legal filing status for calendar year 2000.
>
> 4. The question of legal filing status for Rosie L. Moore led to Respondent's presumption of said underlying liability.
>
> 5. Petitioner provided proper documentation in support of filing status claimed by said Petitioner in year 2000.

Petitioner received a notice of deficiency with respect to her taxable year 2000, but she did not file a petition with respect to that notice. On the instant record, we find that petitioner may not challenge the existence or the amount of petitioner's unpaid liability for 2000. See sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 610-611 (2000); Goza v. Commissioner, 114 T.C. 176, 182-183 (2000).

Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination of the Commissioner of the Internal Revenue for abuse of discretion. Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 182.

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in

determining to proceed with the collection action as determined in the notice of determination with respect to petitioner's taxable year 2000.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

<u>An appropriate order granting</u>

<u>respondent's motion and decision will be</u>

<u>entered for respondent</u>.