T.C. Memo. 2007-192

UNITED STATES TAX COURT

SAID JUMAA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14842-06L.               Filed July 18, 2007.

Said Jumaa, pro se.

<u>Lisa K. Hunter</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respon-
dent's motion for summary judgment (respondent's motion).  We
shall grant respondent's motion.

## Background

The record establishes and/or the parties do not dispute the
following.

Petitioner resided in Ottumwa, Iowa, at the time he filed the petition in this case.

Petitioner did not timely file a Federal income tax (tax) return for his taxable year 1998.

On March 12, 2001, respondent mailed to petitioner at his last known address a notice of deficiency with respect to his taxable year 1998. In that notice, respondent determined the following deficiency in, and additions to, the tax of petitioner:

|  |  | Additions to Tax | | |
| --- | --- | --- | --- | --- |
|  |  | Sec. | Sec. | Sec. |
| Year | Deficiency | 6651(a)(1)[1] | 6651(a)(2) | 6654 |
| 1998 | $159,289 | $35,840.02 | $14,336.01 | $7,229.64 |

Petitioner did not file a petition with the Court with respect to the notice of deficiency relating to his taxable year 1998.

On August 6, 2001, respondent assessed petitioner's tax, as well as additions to tax and interest as provided by law, for his taxable year 1998. (We shall refer to any such unpaid assessed amounts, as well as interest as provided by law accrued after August 6, 2001, as petitioner's unpaid liability for 1998.)

On August 6, 2001, respondent issued to petitioner the notice and demand for payment required by section 6303(a) with respect to petitioner's unpaid liability for 1998.

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure.

On November 23, 2005, respondent issued to petitioner a notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to his taxable year 1998.

On December 20, 2005, in response to the notice of intent to levy, petitioner mailed to respondent Form 12153, Request for a Collection Due Process Hearing (petitioner's Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office). Petitioner's Form 12153 stated: "The amount of tax is totally exaggerated. I'll explain other reason later."

On April 24, 2006, a settlement officer with the Appeals Office (settlement officer) sent a letter to petitioner (April 24, 2006 letter) with respect to petitioner's Form 12153. That letter stated in pertinent part:

> I have scheduled a telephone conference call for you on June 13, 2006 at 10:00a.m. This call will be your CDP hearing.
>
> Please call me at * * * at the date and time indicated above.
>
> If this time is not convenient for you, or you would prefer your CDP hearing to be held by face-to face conference at the Appeals office closest to your cur- rent residence or, if you are a business, the Appeals office closest to your business address, or by corre- spondence, please let me know within fourteen (14) days from the date of this letter.
>
>     *        *        *        *        *        *        *
>
> **Regarding the liability you are raising:**
>
> **The return was prepared by the Service when you failed to file your return as required. A Statutory Notice of Deficiency would have been issued, which would have**

**given you a prior opportunity to contest the liability. Therefore, IRC 6330(c)(2)(B),a statutory bar against contesting the liability in the context of a collection due process hearing, maybe applicable.  If you are interested in Audit Reconsideration, please follow procedures outlined in the enclosed publication 3598, and send that information to the address indicated. Your collection due process hearing will consist of a discussion on collection alternatives only.**

For me to consider alternative collection methods such as an installment agreement or offer in compromise, you must provide any items listed below.  In addition, you must have filed all federal tax returns due.

- A completed Collection Information Statement (Form 433-A for individuals and/or Form 433-B for businesses.)

- Signed tax return(s) for the following tax periods.  Our records indicate they have not been filed:
Type of Tax:___1040_____
Period or Periods: 12/31/1999, 12/31/2000, 12/31/2001, 12/31/2002, 12/31/2003, 12/31/2004, 12/31/2005

- Proof of estimated tax payments for the period(s) listed below: 12/31/2006

Please send me the items above within 14 days from the date of this letter.  I cannot consider collection alternatives in your hearing without the information requested above.  I am enclosing the applicable forms and a return envelope for your convenience. [Reproduced literally.]

Petitioner did not respond to the settlement officer's April 24, 2006 letter or provide any of the information requested in that letter.

On June 13, 2006, the settlement officer held a telephonic Appeals Office hearing (hearing) with petitioner.  During that

hearing, petitioner claimed that his liability for his taxable year 1998 was incorrect because, according to petitioner, he made some money in the stock market and later lost everything. Petitioner provided no documents or specific information to establish his claim during the hearing that his liability for his taxable year 1998 was incorrect. During the hearing, petitioner indicated that he did not recall whether he received a notice of deficiency relating to his taxable year 1998. Petitioner further stated that he was unable to pay petitioner's unpaid liability for 1998. Petitioner acknowledged during the hearing that he had not filed tax returns and indicated that he might need profes-sional help. During the hearing, the settlement officer reminded petitioner that no collection alternatives were available because he had not filed his delinquent tax returns and did not submit the financial information that the settlement officer requested in the April 24, 2006 letter. The settlement officer advised petitioner during the hearing that she intended to issue a notice of determination with respect to petitioner's unpaid liability for 1998.

On June 28, 2006, the Appeals Office issued to petitioner a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination). That notice stated in pertinent part:

**Summary of Determination**

After discussion of the Notice of Intent to Levy during a phone conference with the taxpayer, review of the compliance case file, master file records, and any information submitted by the taxpayer, a determination was made to sustain the Notice of Intent to levy. The taxpayer has not filed returns for 1999, 2000, 2001, 2002, 2003, 2004 and 2005, and did not submit the requested financial information in order to be eligible for a collection alternative. Therefore, the tax-payer's case is being returned to the compliance function for the appropriate action.

An attachment to the notice of determination stated in pertinent part:

### SUMMARY AND RECOMMENDATION

After discussion of the Notice of Intent to Levy during a phone conference with the taxpayer, review of the compliance case file, master file records, and any information submitted by the taxpayer, a determination was made to sustain the Notice of Intent to levy. The taxpayer has not filed returns for 1999, 2000, 2001, 2002, 2003, 2004 and 2005, and did not submit the requested financial information in order to be eligible for a collection alternative. Therefore, the tax-payer's case is being returned to the compliance function for the appropriate action.

### BRIEF BACKGROUND

The taxpayer failed to file the tax return for 1998 as required. The return was subsequently prepared by substitute for return processing. The Notice of Intent to Levy was issued November 23, 2005. Form 12153 request for hearing was received by the Service timely on December 20, 2005.

### DISCUSSION AND ANALYSIS

1. Verification of legal and procedural requirements;

Based on review of the compliance file and computer records, all requirements of applicable law, regulation or administrative procedure appear to have been met.

The liabilities were assessed; notice and demand made; liability remains unpaid; the Notice of Intent to Levy was issued.

    \*      \*      \*      \*      \*      \*      \*

This Settlement Officer has had no previous non-CDP contact with the taxpayer periods being considered and is not aware of any previous compliance contact.

The compliance function followed all legal and procedural requirements and the actions taken or proposed were appropriate under the circumstances.

2.  <u>Issues raised by the taxpayer;</u>

The issue the taxpayer raised in writing stated in part:  "The amount of tax is totally exaggerated.  I'll explain other reasons later."

Appeals issued an appointment letter on April 24, 2006 offering a face to face conference and scheduling a phone conference at 10:00a.m.on June 13, 2006 if a face to face was not preferred.  The letter also requested Form 433A Collection Information Statement for Wage Earners and Self Employed, Forms 1040 returns for years 1999, 2000, 2001, 2002, 2003, 2004, and 2005, and proof of sufficient income tax withholdings or estimated tax payments for current tax year ending 2006.  The information was to be provided within 14 days from the date of the letter.

The letter also advised the taxpayer that the issue of the liability maybe precluded under IRC 6330(c)(2)(B) due to the Services records showing a Notice of Deficiency having been issued, and should have been received.  This notice would have provided a prior opportunity for consideration of the liability.  The taxpayer was provided with publication 3598 which provides instructions for audit reconsideration.  During the conference the taxpayer could not remember if he had received the Notice of Deficiency or not.  He advised that he resided at 8501 Millicent Way, Apt 2641, Shreveport, LA from 1999 to 2005, which is during the time the Notice of Deficiency was issued.

The taxpayer called as scheduled for the conference. He wanted to know what he could do to settle the ac-

count. Referred him to the page of the appointment
letter which explained collection alternatives and what
is required in order for him to be eligible. The
taxpayer had no specific reason for not having filed
returns, and no financial information was submitted.
Therefore, the taxpayer was not eligible for a collec-
tion alternative.

The taxpayer raised the issue of the liability to the
extent mentioned above. There were no other issues
raised by the taxpayer.

3. <u>Balancing of need for efficient collection with
taxpayer concern that the collection action be no
more intrusive than necessary.</u>

The issuance of the Notice of Intent to levy is sus-
tained.

Although less intrusive alternatives such as offers and
installment agreements exist, the taxpayer's failure to
file all returns, and submit requested financial infor-
mation balance against them; and so while more intru-
sive, the Government's proposed levy action is appro-
priate and the action is sustained. [Reproduced liter-
ally.]

In reviewing respondent's examination file with respect to

petitioner's taxable year 1998, respondent's counsel discovered

that that file shows that the notice of deficiency with respect

to petitioner's taxable year 1998 that respondent mailed to

petitioner at his last known address was returned to respondent

by the U.S. Postal Service because it was unclaimed.

## Discussion

The Court may grant summary judgment where there is no

genuine issue of material fact and a decision may be rendered as

a matter of law. Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>,

98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

Although respondent issued a notice of deficiency to petitioner with respect to his taxable year 1998 and although petitioner did not file a petition with the Court with respect to that notice, respondent acknowledges in respondent's motion that a review of respondent's examination file with respect to petitioner's taxable year 1998 shows that that notice was returned to respondent as unclaimed. According to respondent, "it appears that petitioner did not receive the notice of deficiency for the year 1998. Accordingly, he may challenge the underlying liability."

In light of respondent's concession that petitioner did not receive the notice of deficiency that respondent issued to him for his taxable year 1998, we conclude that petitioner may challenge the existence or the amount of petitioner's liability for that year. See sec. 6330(c)(2)(B).[2]

Where, as is the case here, the validity of the underlying tax liability is properly placed at issue, the Court will review the determination of the Commissioner of Internal Revenue on a de novo basis. Sego v. Commissioner, 114 T.C. 604, 610 (2000).

---

[2]Sec. 6330(c)(2)(B) provides:

   (B) Underlying liability.--The person may also raise at the hearing [under sec. 6330(b)] challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability. [Emphasis added.]

As directed by the Court, petitioner filed a response to respondent's motion.  That response stated:

> This letter is in response to the motion filed for summary judgment.  I would respectfully ask that this judgment not be granted to the respondent.  As I am currently in the process of addressing all the concerns and the requested documents asked by the respondent. [Reproduced literally.]

Petitioner filed petitioner's response to respondent's motion over six months ago.  The Court has given petitioner ample time to establish his claim that respondent's motion should not be granted.  He has failed to do so.[3]

Based upon our examination of the entire record before us, we conclude that petitioner has failed to show that there are genuine issues of material fact regarding the questions raised in respondent's motion.  On that record, we find that petitioner has failed to show error in the determinations that respondent made in the notice of deficiency that respondent issued to him for his taxable year 1998.  On the record before us, we find that the determinations in the notice of determination with respect to petitioner's taxable year 1998 should be sustained.  On that

---

[3]The petition that petitioner filed in this case also is unhelpful to petitioner's position.  The only issue that petitioner appears to raise in the petition in this case is the underlying tax liability for his taxable year 1998.  However, petitioner fails to allege any specific error in the petition relating to the determinations that respondent made in the notice of deficiency that respondent issued to him with respect to that year.

record, we shall grant respondent's motion.

To reflect the foregoing,

<u>An order granting respondent's motion and decision for respondent will be entered</u>.