T.C. Memo. 2007-264

UNITED STATES TAX COURT

NICHOLAS D. NEWTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16911-05L.           Filed September 4, 2007.

Nicholas D. Newton, pro se.

<u>William J. Gregg</u>, for respondent.

MEMORANDUM OPINION

CARLUZZO, <u>Special Trial Judge</u>:  In a Notice of Determination
Concerning Collection Action(s) Under Section 6320 and/or 6330,[1]
dated August 15, 2005, respondent concluded that it was

_____

[1] Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code of 1986, as amended, in effect
for the relevant period.

appropriate to collect by levy petitioner's outstanding 1981, 1983, and 1996 Federal income tax liabilities (petitioner's outstanding tax liabilities). Neither the existence nor the amounts of those liabilities have been placed in dispute.[2] What has been placed in dispute is respondent's rejection of an offer-in-compromise submitted by petitioner as a collection alternative to respondent's proposed levy. According to petitioner, his offer-in-compromise should have been accepted, and respondent's determination to collect by levy the outstanding tax liabilities is an abuse of discretion. Respondent disagrees, and, for the following reasons, so do we.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Vermont.

Because the existence or the amounts of petitioner's outstanding tax liabilities are not in dispute, we see little point in burdening this opinion with the history of how those liabilities arose. Suffice it to say that as of July 2004, when the relevant offer-in-compromise (the 2004 offer) was submitted to respondent, those liabilities, including interest, penalties and additions to tax, exceeded $600,000.

---

[2] Consequently, we review respondent's proposed collection activity for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000).

From time to time, over the years, petitioner submitted several other offers-in-compromise with respect to his outstanding tax liabilities. On January 8, 1997, a Notice of Federal Tax Lien was filed with respect to petitioner's outstanding 1981 Federal income tax liability, which at the time, exceeded $260,000. On September 4, 1997, respondent accepted petitioner's $66,000 offer-in-compromise with respect to petitioner's 1981 income tax liability, but within months petitioner defaulted on the payment plan that formed the basis for that offer. Before making the 2004 offer, petitioner made several other offers-in-compromise (the prior offers), each in an amount substantially more than the 2004 offer. Respondent rejected all of the prior offers upon the ground that the offers did not adequately reflect petitioner's ability to pay.

By letter dated May 25, 2004, respondent advised petitioner that his outstanding tax liabilities were subject to collection by levy. That letter also advised petitioner of his right to request an administrative hearing in order to dispute the proposed collection activity. Petitioner did so in a timely fashion, and on July 8, 2004, during the course of the administrative hearing, petitioner submitted the 2004 offer as a collection alternative to the proposed levy with respect to his outstanding tax liabilities. In the 2004 offer, petitioner proposed to pay $1,000.

In response to the 2004 offer, respondent's settlement officer considered petitioner's financial situation, determined that the 2004 offer of $1,000 did not reflect petitioner's ability to pay his outstanding tax liabilities, rejected that offer-in-compromise, and caused the above-referenced notice of determination to be issued.

## Discussion

At the administrative hearing, petitioner challenged the appropriateness of respondent's proposed collection activity and offered a collection alternative. See sec. 6330(c)(2)(A)(ii) and (iii). Needless to say, respondent is entitled to levy in order to collect a taxpayer's tax liability. See sec. 6331.[3] Furthermore, as he was required to do, the settlement officer considered the collection alternative proposed by petitioner during the administrative hearing.[4] See sec. 6330(c)(3)(B).

The record establishes that the settlement officer proceeded in the manner contemplated by section 6330, and other than as

---

[3] In general and subject to various conditions that need not be discussed here, that section provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Commissioner is authorized to collect such tax by levy on the person's property.

[4] The settlement officer invited petitioner to make an offer-in-compromise commensurate with the amount that the settlement officer determined petitioner's financial situation would allow. Petitioner now attacks the settlement officer's proposal. We focus on the settlement officer's consideration and rejection of the 2004 offer, not on the appropriateness of the settlement officer's proposal.

relates to the settlement officer's rejection of petitioner's 2004 offer, petitioner does not suggest otherwise.

Nevertheless, as petitioner views that matter, respondent's determination to collect his outstanding tax liabilities by levy is an abuse of discretion because the settlement officer improperly rejected petitioner's proposed collection alternative. Specifically, petitioner argues that in rejecting the 2004 offer, the settlement officer: (1) Erroneously took into account as potential sources of payment, certain assets previously transferred to petitioner's former spouse;[5] and (2) failed to take into account the vagaries of petitioner's income.

Assuming, without finding, that petitioner is correct on both points, it remains that other sources of payment included in the settlement officer's analysis support the settlement officer's conclusion that the 2004 offer did not reflect

---

[5] The parties dispute whether those assets are subject to the Federal tax lien that arose prior to the transfer. See sec. 6321. Petitioner takes the position that the lien does not attach, and, not surprisingly, respondent takes the position that it does. Petitioner expected that this Court in this proceeding would determine whether the lien did or did not attach to those assets. Under the circumstances, we need not consider the point. Furthermore, we note that issues regarding whether respondent's tax lien has attached to those assets may be cognizable in a variety of other types of legal actions. See, e.g., secs. 7403, 7425, 7426; see also 28 U.S.C. sec. 2410 (2000).

petitioner's ability to pay his outstanding tax liabilities.[6] After all, it doesn't take much of a financial structure to support a payment in excess of $1,000.

Taking into account all of the facts and circumstances, we are satisfied that respondent's determination to collect by levy petitioner's outstanding tax liabilities is supported in law and in fact. It follows that the determination is not an abuse of discretion, see Freije v. Commissioner, 125 T.C. 14 (2005), and respondent may proceed with collection as proposed in the above-referenced notice of determination.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[6] For example, the parties stipulated that at the time the 2004 offer was under consideration by the settlement officer, petitioner "had a savings certificate of deposit with an account balance of $28,000".