T.C. Summary Opinion 2008-3

UNITED STATES TAX COURT

MARCO E. BROWN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 275-07S.                     Filed January 7, 2008.

Marco E. Brown, pro se.

<u>Laura Price</u>, for respondent.

RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

This is an appeal from respondent's determination upholding the proposed use of a levy to collect petitioner's unpaid Federal

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

income tax liability for 2004. In his petition and at trial, petitioner's only challenge concerned the existence and amount of the underlying tax liability. Respondent argues that petitioner's underlying tax liability for 2004 is not an issue that can be raised in this case because the unpaid tax to be collected consists of a deficiency that was determined in a previous notice of deficiency that was received by petitioner.

Whether the Underlying Tax Liability Can Be Challenged

Before the Commissioner may levy on any property or property right, the taxpayer must be provided written notice of the right to request a hearing during the 30-day period before the first levy. Sec. 6330(a). If the taxpayer requests a hearing, an Appeals officer of the Commissioner must hold the hearing. Sec. 6330(b)(1). At the hearing, the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives. Sec. 6330(c)(2)(A).

Section 6330(c)(2)(B) limits the taxpayer's ability to challenge the underlying tax liability during the hearing. Specifically, the taxpayer may "raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice

of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  Id.

The administrative record compiled by the Appeals officer contains copies of the notice of deficiency and the U.S. Postal Service Form 3877 mailing certificate showing that the notice of deficiency was mailed to petitioner at 2915 Kelvington Drive, Orlando, Florida, on August 15, 2005.[2]  In the absence of evidence to the contrary, the presumption of regularity and of delivery justify the conclusion that the notice of deficiency was delivered to petitioner.  Sego v. Commissioner, 114 T.C. 604, 611 (2000).  Petitioner testified that he did not know whether he received a notice of deficiency.  The administrative file contains documents that petitioner submitted to the IRS that show petitioner's address as 2915 Kelvington Drive on and after August 15, 2005.  Petitioner testified that he had moved from the 2915 Kelvington Drive address sometime during 2005, but he finally agreed that he moved from 2915 Kelvington Drive in December 2005.

Petitioner has failed to overcome the presumption of regularity and of delivery referred to in Sego.  Based on this record, we conclude that petitioner received the notice of deficiency for his taxable year 2004 and therefore is precluded

---

[2] At trial, we reserved ruling on the admission of the administrative record.  See Fed. R. Evid. 902(11).  Upon consideration, we hold that it is admissible for purposes of establishing these facts.

from contesting the existence or amount of the underlying liability in this section 6330 proceeding.[3]  Since that is the only challenge that petitioner has made to the proposed collection action, respondent's determination to proceed with collection is upheld.

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[3] The underlying liability arose from respondent's rejection of petitioner's claims for head of household filing status, personal exemptions, and earned income and child tax credits. Even though petitioner did not have the right to raise the existence or amount of the underlying liability before the Appeals officer, the Appeals officer did give petitioner a telephonic hearing and considered and rejected petitioner's claims regarding the underlying liability.

In respondent's pretrial memorandum and statements at trial, respondent's counsel stated that petitioner failed to provide any of the documents that the Appeals officer requested.  Petitioner and his son's mother (Ms. Chung) testified that they did provide documents.  The administrative file contains some documents that petitioner submitted in attempting to prove that he supported his son and Ms. Chung and that they both lived with him during 2004. After conducting a telephonic hearing, the Appeals officer rejected petitioner's position on the grounds that he did not submit any documentation and that the testimony of petitioner was not credible.  We had the opportunity to see and hear the testimony of petitioner and Ms. Chung and found their testimony to be credible.  Because, as previously explained, petitioner received a notice of deficiency, see sec. 6330(c)(2)(B), he has no "right" to further consideration of the underlying liability by an Appeals officer.  However, we believe it might be in the best interests of good tax administration for respondent to give further consideration to petitioner's claims.  In any event, petitioner still has the option of paying the tax and instituting a refund claim.