T.C. Memo. 2008-58

UNITED STATES TAX COURT

JAN L. ASHLOCK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8778-06L.                    Filed March 10, 2008.

<u>Gerald W. Douglas</u>, for petitioners.

<u>John D. Davis</u>, <u>Thomas J. Travers</u>, and <u>Robin Ferguson</u>, for respondent.

MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  Under section 6320, petitioner challenges respondent's notice of determination rejecting petitioner's $2,400 offer-in-compromise (OIC) and sustaining respondent's notice of Federal tax lien relating to petitioner's outstanding

Federal income tax liabilities for 1996, 2000, 2001, 2002, and 2003, representing a cumulative total of $44,383.[1]

Unless otherwise indicated, all section references are to the sections of the Internal Revenue Code applicable to this collection action, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

The facts of this case have been submitted fully stipulated under Rule 122 and are so found.

Petitioner is a resident of Oregon. Petitioner has been employed as a nurse for many years.

In 2001, petitioner was divorced from her husband of 8 years.

As part of the divorce from her husband and separation of their marital property, in 2001 petitioner was to receive assets with a value of $26,480, including an interest in real property located at 400 Lake Street, Berrien Springs, Michigan (the Michigan property). The interest had a value of $25,000 to petitioner, as specified by the divorce court.

The June 6, 2001, judgment in dissolution of petitioner's marriage expressly awarded to petitioner "all the parties'

---

[1] Petitioner's OIC also related to additional outstanding Federal income tax liabilities petitioner owed for 1995 but which are not otherwise involved in this case.

interest in the Michigan property." Also per the 2001 judgment in dissolution of marriage, petitioner had monthly income of $6,755.

Eight years earlier, in December 1992, the Michigan property had been the subject of sale and purchase documentation between petitioner as seller and a relative of petitioner as purchaser. The stated purchase price for this purported sale of the Michigan property was approximately $136,000.

In 2003, the Michigan property was sold to a third party. The title closing documents do not indicate that petitioner had an ownership interest in the Michigan property and do not indicate that petitioner was entitled to any of the sales proceeds.

On January 1, 2004, a chapter 7 bankruptcy order was issued in petitioner's behalf discharging petitioner's liability on various debts. Petitioner's bankruptcy proceeding was treated as a no-asset bankruptcy.

In 2004, petitioner married Mike Beenken, to whom petitioner is still married and with whom petitioner's financial situation over the recent years has significantly improved.

On May 26, 2004, in an attempt to ward off respondent's proposed tax lien filing, petitioner submitted to respondent the OIC that is in issue. Petitioner offered to pay to respondent, in monthly installments of $100, a total of $2,400 in compromise

of her cumulative total $44,383 outstanding Federal income tax liabilities for 1996, 2000, 2001, 2002, and 2003. With her OIC petitioner submitted to respondent a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and a Form 433-B, Collection Information Statement for Businesses. Petitioner did not include any information about several assets--specifically, she submitted no information about the Michigan property.

On August 21, 2004, petitioner sold a 1996 Pontiac Firebird to a third party for $5,250.

On February 22, 2005, respondent filed with Washington County, Oregon, a notice of Federal tax lien relating to petitioner's outstanding 1996, 2000, 2001, 2002, and 2003 Federal income tax liabilities.

On March 3, 2005, respondent mailed to petitioner a notice of Federal tax lien filing in which petitioner's appeal rights under section 6320 were explained.

On April 3, 2005, petitioner filed with respondent a Form 12153, Request for a Collection Due Process Hearing.

During the Appeals Office collection hearing that ensued under section 6320 among petitioner, petitioner's representatives, and respondent's Appeals officer, respondent's Appeals officer reviewed additional documentation which was submitted relating to petitioner's financial condition.

Respondent's Appeals officer specifically requested additional information to establish whether petitioner had received an ownership interest in the Michigan property under the 2001 divorce decree.  Respondent's Appeals officer considered documents submitted on petitioner's behalf, including financial information, made an extensive analysis of petitioner's finances and provided a copy thereof to petitioner.

At the conclusion of the Appeals Office collection hearing, respondent's Appeals officer determined that petitioner had the ability to pay in full her total cumulative $44,383 outstanding 1996, 2000, 2001, 2002, and 2003 Federal income tax liabilities within the balance of the 10-year collection period of limitations.  In particular, respondent's Appeals officer concluded that petitioner in her 2001 divorce proceeding had received an ownership interest in the Michigan property with a value of $25,000.  This interest constituted, for purposes of respondent's consideration of petitioner's OIC, a dissipated asset that should have been included in the financial information submitted to respondent on petitioner's behalf in connection with petitioner's OIC.  Accordingly, respondent's Appeals officer concluded that a minimally acceptable OIC from petitioner would have to include the $25,000 value of petitioner's interest in the Michigan property.

On April 7, 2006, respondent's Appeals Office issued its notice of determination sustaining respondent's notice of tax lien filing and rejecting petitioner's OIC.

## Discussion

Section 6330(c)(2)(A)(iii) permits a taxpayer to propose collection alternatives to the filing of a Federal tax lien. Rev. Proc. 2003-71, sec. 4.02(2), 2003-2 C.B. 517, 517, provides that an OIC based on doubt as to collectibility will be treated as an acceptable collection alternative only where the OIC reflects the reasonable collection potential from the taxpayer.

Where a taxpayer has dissipated assets in disregard of the taxpayer's outstanding Federal income taxes, the dissipated assets may be included in the calculation of the minimum amount that is to be paid under an acceptable OIC. Internal Revenue Manual (IRM) 5.8.5.4(5).

A dissipated asset is defined as any asset (liquid or not liquid) that has been sold, transferred, or spent on nonpriority items and/or debts and is no longer available to pay the tax liability. Samuel v. Commissioner, T.C. Memo. 2007-312; IRM 5.8.5.4(1).

Our review of respondent's adverse determination relating to petitioner's proposed OIC focuses on whether respondent abused his discretion in rejecting petitioner's OIC. Sego v. Commissioner, 114 T.C. 604, 610 (2000).

The evidence herein is conflicting as to ownership of the Michigan property, and petitioner never provided to respondent's Appeals Office an adequate explanation as to why, in the 2001 divorce proceeding, petitioner claimed and was awarded an interest in the Michigan property with a stated value of $25,000. In spite of the 1992 sale of the Michigan property to a relative, clearly petitioner must have retained some interest therein through the time of her 2001 divorce proceeding. Petitioner failed to explain to respondent's Appeals officer what happened to this interest. Further, the 2004 sale of the Michigan property to a third party without any acknowledgment, in the related closing documents, of petitioner's interest therein does not explain adequately what happened to petitioner's $25,000 interest.

At a May 7, 2007, hearing in this case, petitioner's counsel acknowledged that petitioner's current financial condition has improved significantly, but petitioner's counsel declined on petitioner's behalf to have this matter remanded to respondent's Appeals Office for consideration of petitioner's OIC in light of petitioner's current financial condition.

On the basis of the inconsistent and inconclusive evidence presented, respondent's Appeals officer properly concluded that the $25,000 that was awarded to petitioner in the 2001 divorce proceeding relating to the Michigan property constituted a

dissipated asset that should have been included in petitioner's OIC.

We sustain respondent's determination rejecting petitioner's $2,400 OIC.

<u>An appropriate decision</u>
<u>will be entered</u>.