MEMORANDUM **
Jeanne Mount appeals pro se from the district court’s order dismissing her action alleging procedural and substantive violations of the tax code by the Internal Revenue Service (“IRS”) in levying her Social Security benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court’s dismissal under Federal Rule of Civil Procedure 12(b), Allen v. Gold Country Casino, 464 F.3d 1044, 1046 (9th Cir.2006), and we affirm.
The district court properly rejected Mount’s argument that the IRS was required to send a notice of seizure in addition to the notice of levy, because only a notice of levy is required to levy on intangible property. See United States v. Donahue Indus., Inc., 905 F.2d 1325, 1330 (9th Cir.1990); see also 26 U.S.C. § 6322 (providing that tax liens arise at the time of assessment and continue until the liability is satisfied); Sego v. Comm’r, 114 T.C. 604, 611 (2000) (“[Tjaxpayers cannot defeat actual notice by deliberately refusing delivery of statutory notices of deficiency.”).
Contrary to Mount’s contentions, the United States has not waived sovereign immunity as to claims other than chal *570 lenges to the procedural validity of the tax liens levied against her Social Security benefits. See 28 U.S.C. § 2410; Hughes v. United States, 953 F.2d 531, 538 (9th Cir.1992) (explaining that a taxpayer may challenge only the procedural validity of a tax lien in an action under 28 U.S.C. § 2410).
Mount’s remaining contentions are unpersuasive.
We grant Mount’s “Motion to Supplement Excerpts of Record and to Correct Citation Errors.” The Clerk shall file the supplemental excerpts of record received on May 16, 2008.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.