T.C. Memo. 2011-75

UNITED STATES TAX COURT

JOHN ADAIR AND MYRNA ADAIR, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14084-07L.                    Filed March 31, 2011.

Paul R. Tom, for petitioners.

William F. Castor, for respondent.

MEMORANDUM OPINION

MORRISON, Judge:  The petitioners John and Myrna Adair seek
review of the "collection due process" determination by an
Appeals officer of the IRS not to withdraw notices of tax lien.
We hold that the Appeals officer did not abuse his discretion in
determining that withdrawal of the notices was unwarranted.

## Background

The parties submitted this case with the facts fully stipulated. We hereby adopt the stipulations. John and Myrna Adair jointly own a house in Wagoner County, Oklahoma. A mortgage lender holds a security interest in the house.

In December 2006 the Commissioner of Internal Revenue (whom we will refer to as the IRS) filed two notices of federal tax lien against the property of John Adair to collect his liability for $65,739 in employment-tax penalties. One notice was filed in Wagoner County, Oklahoma; the other notice was filed in Tulsa County, Oklahoma. The parties agree that with respect to the employment-tax penalty lien filings, John Adair's request for a hearing was untimely.

Also in December 2006, the IRS filed two notices of federal tax lien against the property of John and Myrna Adair to collect their joint liability for $58,108 in unpaid income tax for the year 2000. One notice was filed in Wagoner County, Oklahoma; the other notice was filed in Tulsa County, Oklahoma. Both notices stated that the Adairs had an unpaid balance of $58,108 on an assessment made November 12, 2001. Each notice explained: "there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue."

By the time of the hearing the Adairs' liability relating to their income tax for 2000 had grown by a substantial amount of interest.

The Adairs requested a hearing with respect to all four notices described above. The hearing resulted in a determination that was appealable with respect to the notices of the income-tax lien but that the parties agree was not appealable with respect to the notices of the employment-tax-penalty lien because John Adair's request for a hearing on those notices was untimely.

At the hearing the Adairs did not dispute that they are liable for the taxes underlying either of the liens. They proposed that Myrna Adair would borrow $50,771 against the Adairs' house. The Adairs would have used this amount and an additional $7,337 to pay a total of $58,108 toward their joint liability, which would have eliminated that entire liability except for the several years' interest that had accumulated on it. The Adairs would not have paid, as part of their proposal, John Adair's separate liability for the employment-tax penalties. They explained that John Adair had another lawyer working on getting the corporation to which the employment tax penalties related to help resolve the liability.

The Adairs told the Appeals officer that they could not obtain the $50,771 loan unless the IRS withdrew all four notices of federal tax lien; that is, the two notices that secured the

joint income-tax liability of $58,108 and the two notices that

secured John Adair's penalty liability of $65,739.  They

therefore presented the Appeals Office with a written proposal

that the IRS "withdraw the Notices of Federal Tax Lien".[1]  The

Adairs urged the Appeals officer to withdraw the lien notices on

the basis of section 6323(j)(1),[2] which authorizes the IRS to

"withdraw a notice of a lien * * * [to] facilitate the collection

of the tax liability".  They asserted that if their proposal was

not accepted they might declare bankruptcy, which might result in

the joint liability's being discharged without full payment or

might result in the IRS's ability to collect the separate

liability being otherwise restricted.  They also asserted that

under an installment agreement, another common payment

arrangement, they could pay only about $1,000 per month.

The Appeals officer informed the Adairs that he considered

it inappropriate to withdraw the notices because it would be

better to subordinate the Government's lien interest only to that

---

[1]A mortgage company's preapproval letter that the Adairs had attached to their proposal said:  "This loan is contingent upon all liens and levies against Myrna Adair and her husband John W Adair being released and paid in full with the mentioned proceeds."  Although this letter does not say that it was the notices of federal tax lien that the lender required be withdrawn, the Adairs and the Appeals officer conducted their negotiations under the assumption that what the lenders requested was withdrawal of the notices of the liens, not release of the liens or full payment of the liabilities underlying them.

[2]All section references are to the Internal Revenue Code, as in effect with respect to the lien notices at issue.

of the lender providing the funds for the tax payment.  In the words of his log (the accuracy of which is not in dispute), he "[e]xplained that the personal preference of third party lenders is not a consideratio[n] for w[ith]drawal when there is a legal avenue that is offered that will allow them to take a superior position to the NFTL in exchange for the equity in the property paid to the gov[ernment]."  The Adairs persisted in requesting withdrawal of the notices because, they said, their prospective lender would make the loan only if the notices were withdrawn. They said the lender would not make the loan if the lien were merely subordinated to the lender's interest.  The Appeals officer further "Explained that the gov[ernment] is unwilling to w[ithdraw] a general lien that attaches to any and all property or rights to property to satisfy a lender wanting to secure a single [real estate] asset."

The Appeals officer gave the Adairs' lawyer more time to negotiate with the lender.  Even then, the lawyer could not convince the prospective lender to accept subordination in place of withdrawal.  The lawyer did not give the Appeals officer any reasons their lender would not accept subordination.  The Adairs' lawyer and the Appeals officer agreed that they were at an impasse.

The Appeals Office notified the Adairs that it had determined not to withdraw the notices of federal tax lien for

the joint liability.[3]  The notice followed the Appeals officer's

reasoning that subordination was sufficient to protect a

prospective lender's interest.  The Adairs timely filed the

petition.  They lived in Oklahoma when they filed their petition.

## Discussion

The Adairs dispute neither the liability underlying their

liens nor that the Appeals officer properly verified that the

legal and procedural requirements relating to the filing of the

lien notices had been satisfied.  They argue only that he erred

in rejecting their "collection alternative", which was to

withdraw the filing of the notice of the joint lien (and the lien

against John Adair), whereupon they would borrow most of the

liability reflected by the joint lien and pay it to the IRS.  The

Adairs argue:

> [A]llowing Petitioners to borrow money on their
> homestead and pay off a substantial portion of their
> IRS debt will facilitate collection of the tax. * * *
> If the IRS withdraws the NFTLs, Petitioners found a few
> lenders willing to consider loaning Petitioners money
> on their Oklahoma homestead.  Without withdrawal, no
> lender would even consider the loan.

The Adairs asked the Appeals officer to withdraw the notices

of their joint lien under section 6323(j)(1)(C), which authorizes

---

[3]The Appeals officer's log and the notice of determination
indicate that the Appeals officer also considered, but declined,
other collection alternatives for the notices of the employment-
tax-penalty lien against John Adair's property.  Because the
IRS's determination on those notices is not appealable, we need
not consider these issues.

the IRS to withdraw a lien notice if "the withdrawal of such notice will facilitate the collection of the tax liability". Sections 6320(c) and 6330(c)(3)(C) together direct the Appeals officer to review collection alternatives under the overarching standard of "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." We review an IRS determination about the appropriateness of a collection alternative under an abuse-of-discretion standard. Sego v. Commissioner, 114 T.C. 604, 610-612 (2000). The IRS argues that withdrawing the notices of federal tax lien would have impaired the IRS's ability to collect the balance due. Recall that the four notices of federal tax lien secured the government's rights to collect not only the Adairs' $58,108 joint income-tax liability but also John Adair's $65,739 employment-tax penalty liability. Under the Adairs' proposal, the government would withdraw all four notices of federal tax lien. In exchange, the Adairs would have paid the $58,108 joint income-tax liability. Once the notices of federal tax lien were withdrawn, other creditors would have priority over the IRS's interest in the Adairs' property. In his discretion, the Appeals officer decided that the benefits of the Adairs' proposal, i.e. the $58,108 in cash the government would have received, was outweighed by the impairment of the government's

ability to collect the much greater total of the amounts as to which the notices of the two tax liens gave the government priority over other claims on their assets.  We do not find that the Appeals officer abused his discretion.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.