T.C. Memo. 2008-169

UNITED STATES TAX COURT

GEORGE L. ALEJOS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13978-06L.          Filed July 16, 2008.

<u>Lorenzo W. Tijerina</u>, for petitioner.

<u>Bruce M. Wilpon</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  Pursuant to section 6330(d),[1] petitioner seeks review of respondent's determination to proceed with collection of his unpaid 2001 income tax liability.  The issue

_____

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

for decision is whether respondent may proceed with collection of the above-mentioned unpaid income tax liability.

## Background

The parties submitted this case fully stipulated pursuant to Rule 122. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed the petition, petitioner resided in Texas.

Petitioner failed to timely file a Federal income tax return for 2001. Respondent filed a substitute for return for 2001. Respondent mailed to petitioner a statutory notice of deficiency for 2001. Petitioner received the statutory notice of deficiency. Petitioner petitioned the Court regarding the 2001 deficiency. The Court dismissed petitioner's 2001 deficiency case because petitioner failed to file an amended petition and pay the filing fee.

In February 2005, respondent assessed the 2001 deficiency (plus penalties and interest). On August 5, 2005, respondent filed a Notice of Federal Tax Lien (NFTL) regarding petitioner's 2001 tax year. On August 10, 2005, respondent mailed to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 regarding 2001.

Petitioner timely submitted a Form 12153, Request for a Collection Due Process Hearing (hearing request), regarding 2001 to respondent. In the hearing request, petitioner challenged his

underlying liability for 2001. Petitioner attached a statement to the hearing request challenging his underlying liability for 2001 and explaining his reasons for failing to timely file his tax returns for 2001, 2002, 2003, and 2004.

On June 2, 2006, petitioner had a face-to-face hearing at an Internal Revenue Service Appeals Office. During petitioner's section 6330 hearing, Appeals verified that all applicable legal and procedural requirements had been followed; petitioner did not offer any collection alternatives; and the only issue petitioner raised was a challenge to his underlying liability for 2001.

On June 15, 2006, respondent issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the filing of the NFTL.

## Discussion

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice (i.e., the hearing notice) of the filing of a notice of lien under section 6323. Section 6320 further provides that the taxpayer may request administrative review of the matter (in the form of a hearing) within a 30-day period. The hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e). Sec. 6320(c).

Pursuant to section 6330(c)(2)(A), a taxpayer may raise at the section 6330 hearing any relevant issue with regard to the

Commissioner's collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection. Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000). If a taxpayer received a statutory notice of deficiency for the year(s) in issue or otherwise had the opportunity to dispute the underlying tax liability, the taxpayer is precluded from challenging the existence or amount of the underlying tax liability. Sec. 6330(c)(2)(B); Sego v. Commissioner, supra at 610-611; Goza v. Commissioner, supra at 182-183.

The only issue petitioner raised at the section 6330 hearing was a challenge to his underlying liability for 2001. Petitioner received a statutory notice of deficiency for 2001. Accordingly, petitioner is precluded from challenging the existence or amount of his underlying tax liability for 2001. Sec. 6330(c)(2)(B); Sego v. Commissioner, supra at 610-611; Goza v. Commissioner, supra at 182-183.

Petitioner failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded. See Rule 331(b)(4).

To reflect the foregoing,

Decision will be entered

for respondent.
