MEMORANDUM **
Petitioner argues that the Internal Revenue Service (“IRS”) erroneously applied the partnership audit and litigation procedures under the Tax Equity and Fiscal Responsibility Act of 1982 (“TEFRA”) to JTA Research (“JTA”) during an audit in 1995. He contends that JTA fell within the small partnership exception to TEFRA. But he concedes that a partnership does not fall under that exception if it allocates certain partnership items, including deductions, unequally among the partners, and that JTA’s 1995 return had on its face unequally allocated an item under the category of “other deductions.”
Petitioner argues that the IRS should have recognized that this “other deductions” entry was an error. The United States Tax Court (“Tax Court”) has explained, however, that “the partners and partnership bear the risk of erroneously being or not being classified as a small partnership. Respondent [IRS] should not be required to make this determination at [its] peril.” Harrell v. Comm’r of Internal Revenue, 91 T.C. 242, 247 (1988). As a result, a partner or representative of a partnership is not permitted “to claim a result other than that identified in the return and K-ls as filed and amended prior to the date of commencement of the partnership audit.” Id. “By relying on the partnership returns and accompanying K-ls to determine each partner’s share of the partnership items and whether the same share rule applies, the extent to which [the IRS] must interpret the partnership agreement each year will be minimized.” Id. at 248.
The Schedule K in the partnership return here included an item for $12,850 as “guaranteed payments to partners” and an item for $12,850 as “other deductions.” The statement for each of these items lists as its description “health insurance premiums.” The Tax Court found that there was a “high probability” that the reporting of health insurance premiums as both a partnership deduction and a guaranteed payment was a mistake. The identity of the mistake, however, is unclear. One of the entries could have been a duplicate such that it should not have been entered at all. The amount listed in one line could have been wrong, or the description in one line could have been wrong, or both the description and amount in one line could have been wrong. For the limited purpose of determining whether the TEFRA audit procedures apply, it was not up to the tax examiner to determine whether there was a mistake and, if so, what it was. See Harrell, 91 T.C. at 247. Further, the ambiguity in the partnership return and K-ls could have been corrected by filing an amended return prior to the commencement of the partnership audit. Id.
Appellant also argues that he did not receive notice of the results of the partnership audit. The parties stipulated, however, to the documents establishing that the required notices were mailed to the part *714 ners at their last known addresses. That is all that is required of the IRS. See, e.g., Erhard v. Comm’r of Internal Revenue Serv., 87 F.3d 273, 275 (9th Cir.1996).
Accordingly, the decision of the Tax Court is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.