T.C. Memo. 2009-232

UNITED STATES TAX COURT

KENNETH EVERETT BLAIR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16510-07L.                    Filed October 8, 2009.

Kenneth Everett Blair, pro se.

<u>Francis Mucciolo</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  Petitioner petitioned the Court pursuant to
section 6330(d)[1] to review the determination of respondent's
Office of Appeals (Appeals Office) sustaining a proposed levy to
collect petitioner's Federal income tax liabilities for 2001

———————————————

    [1]Unless otherwise indicated, section references are to the
applicable versions of the Internal Revenue Code.

through 2003. Petitioner argues that the Appeals officer was required to accept his offer of $24,000 to compromise his $81,483.52 (inclusive of penalties and interest) in liabilities. We decide whether the Appeals officer abused his discretion in rejecting petitioner's offer.

## Background

The parties filed with the Court stipulations of fact and accompanying exhibits. The stipulated facts are found accordingly. When the petition was filed, petitioner resided in Florida.

On October 20, 2006, respondent mailed to petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, regarding petitioner's 2001, 2002, and 2003 income tax years. On October 27, 2006, respondent mailed to petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, regarding petitioner's 2001, 2002, and 2003 taxable years. In his request for a hearing petitioner stated that the proposed levy would cause him financial hardship.

Petitioner was granted a hearing by respondent's Appeals Office for both the notice of lien and the notice of levy. At the hearing, petitioner made an offer-in-compromise of $24,000 as a collection alternative. After reviewing petitioner's financial information, the settlement officer assigned to petitioner's case

(settlement officer) determined that petitioner's reasonable collection potential was $58,998. Petitioner did not agree to that amount. The settlement officer offered petitioner an installment agreement, which petitioner declined. Because the settlement officer was presented with no other collection alternatives, he made a determination upholding the collection action.

The notice of determination states that: Petitioner failed to file tax returns for 2001 and 2002; respondent prepared substitutes for returns under section 6020(b) and assessed the tax due; respondent made an additional tax assessment on petitioner's self-filed return for 2003; respondent's records show that the assessments were properly made; notice and demand was sent to petitioner for each tax period as required by section 6303 and petitioner failed to pay the liabilities in full; there was a balance due at the time that the collection notices were sent as required by sections 6322 and 6331(a); Letter 3172 was sent to petitioner on October 27, 2006; Letter 1058 was sent to petitioner on October 20, 2006; and petitioner made a timely request for a hearing on Form 12153, Request for a Collection Due Process Hearing, that was received November 16, 2006.

During the hearing that was conducted via telephone on June 12, 2007, the settlement officer advised petitioner that, after review of all the information petitioner had provided, it was

determined that petitioner's offer of $24,000 to compromise his tax liabilities could not be accepted. The settlement officer explained to petitioner that an amount larger than $24,000 could be collected and that an offer could not be accepted under these circumstances. The settlement officer determined that the reasonable collection potential (RCP) was $58,998. The RCP was calculated as follows:

### Income/Expense Table

|  | Claimed by Taxpayer | Allowed Per Settlement Officer |
|---|---|---|
| Monthly gross income | $2,580 | $2,580 |
| Monthly necessary living expenses: |  |  |
| Food, clothing, misc. | 300 | 556 |
| Housing & utilities | 200 | 200 |
| Transportation | 350 | 350 |
| Health care | 270 | 270 |
| Taxes | 438 | 563 |
| Child care | 400 | [1]-0- |
| Life insurance | 90 | 119 |
| Unsecured loan | 200 | [2]-0- |
| Total | 2,248 | 2,058 |
| Net monthly income | 332 | 522 |
| Future income (x 109) |  | 56,898 |

[1]The $400 in childcare expenses claimed by petitioner were college expenses, and the record does not establish that those expenses were a legal obligation of petitioner.

[2]The record does not establish that petitioner is legally obligated to repay the unsecured loan.

Asset/Equity Table

| Asset | Fair Market Value | Quick Sale Value | Encumbrance | Equity |
|---|---|---|---|---|
| '88 GMC | $500 | $400 | -0- | $400 |
| '93 Ford | 1,500 | 1,200 | -0- | 1,200 |
| Savings acct. | 500 | 500 | -0- | 500 |
| Future income | 56,898 | 56,898 | -0- | 56,898 |
| Total (RCP) | | | | 58,998 |

At the hearing with the settlement officer, petitioner stated that he could not increase his offer to the amount of the RCP. Petitioner did not raise any other issues, such as a challenge to the tax liabilities.

## Discussion

Petitioner contends that respondent's settlement officer did not consider his obligations to make payments out of his income. Petitioner also argues that his health care costs have increased and those costs were not included in the settlement officer's consideration. Petitioner further contends that his offer-in-compromise was the amount he could reasonably expect to repay "before I go on Social Security."

Where the underlying tax liability is not in issue, we review the determination of the Appeals Office for abuse of discretion. See Sego v. Commissioner, 114 T.C. 604, 610 (2000). We reject the determination of the Appeals Office only if the determination was arbitrary, capricious, or without sound basis

in fact or law. See <u>Murphy v. Commissioner</u>, 125 T.C. 301, 308, 320 (2005), affd. 469 F.3d 27 (1st Cir. 2006).

Where we decide the propriety of the Appeals Office's rejection of an offer-in-compromise, we review the reasoning underlying that rejection to decide whether the rejection was arbitrary, capricious, or without sound basis in fact or law. We do not substitute our judgment for that of the Appeals Office, and we do not decide independently the amount that we believe would be an acceptable offer-in-compromise. See <u>Murphy v. Commissioner</u>, <u>supra</u> at 320.

Section 6330(c)(2)(A)(iii) allows a taxpayer to offer to compromise a Federal tax debt as a collection alternative to a proposed levy. Section 7122(d) authorizes the Commissioner to prescribe guidelines to determine when a taxpayer's offer-in-compromise should be accepted. Sec. 301.7122-1(b), Proced. & Admin. Regs., lists grounds on which the Commissioner may accept an offer-in-compromise of a Federal tax debt.

The settlement officer determined petitioner's RCP to be $58,998. Therefore, it is undisputed that petitioner cannot fully pay his $81,483.52 tax liability. The Commissioner evaluates economic hardship. See Internal Revenue Manual (IRM) pt. 5.8.11.2.1 (Sept. 1, 2005). In accordance with the Commissioner's guidelines, an offer-in-compromise should not be accepted even in a case of economic hardship if the taxpayer does

not offer an acceptable amount.  See IRM pt. 5.8.11.2.1(11) (Sept. 1, 2005).

As we noted in <u>Barnes v. Commissioner</u>, T.C. Memo. 2006-150, n.8, affd. in part and vacated in part sub nom. <u>Keller v. Commissioner</u>, 568 F.3d 710 (9th Cir. 2009), IRM pt. 5.8.5.5 allows the calculation of future income using a 48-month factor where the taxpayer offers to pay the compromise amount in cash within 5 months.  It appears that petitioner's offer met the criteria set forth in the IRM, and it is unclear why the settlement officer used a 109-month factor instead of a 48-month factor.  The difference between petitioner's offer of $24,000 and the amount called for by applying a 48-month factor (approximately $27,156) is only a few thousand dollars.  It is not clear to the Court from the record that the settlement officer took into account the 48-month factor allowed in the IRM as noted above.  Consequently, we will remand this case to respondent's Appeals Office for reconsideration of petitioner's offer in the light of the 48-month factor.

To reflect the foregoing,

<u>An appropriate order will</u>

<u>be issued</u>.