NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INDUSTRIAL INVESTORS, | No. 08-71467 |
| Petitioner - Appellant, | Tax Ct. No. 14928-04L |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM [*] |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted October 5, 2009[**]
Pasadena, California

Before: HALL, W. FLETCHER and CLIFTON, Circuit Judges.

Industrial Investors ("Taxpayer") appeals from the Tax Court's decision

sustaining a notice of determination issued by the Office of Appeals, which

sustained a levy against Taxpayer for unpaid taxes.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Taxpayer can no longer challenge the amount of its underlying tax liability because that has been fully adjudicated. I.R.C. § 6330(c)(2)(B). Therefore, the Tax Court correctly reviewed the decision of the Office of Appeals for abuse of discretion. *See Sego v. Commissioner*, 114 T.C. 604, 610 (2000). We review the Tax Court's decision de novo, which means we review the Office of Appeals for abuse of discretion. *See Fargo v. Commissioner*, 447 F.3d 706, 709 (9th Cir. 2006). "Abuse of discretion occurs when a decision is based on an erroneous view of the law or a clearly erroneous assessment of the facts." *Fargo*, 447 F.3d at 709 (internal quotation marks omitted).

Taxpayer argues that the Office of Appeals abused its discretion by insisting upon recording the August 8th meeting with Taxpayer's lawyer W.G. Wells over Wells's objections. I.R.C. § 7521(a) permits an officer of the IRS to record "any in-person interview with any taxpayer relating to the determination or collection of any tax," so long as the officer informs the taxpayer prior to the interview and makes available a copy of the recording or transcript to the taxpayer. *See also* I.R.M. § 8.6.1.4.1. (Nov. 6, 2007) ("IRC 7521(a) authorizes both taxpayers and the IRS to audio record in-person interviews dealing with the determination or collection of taxes."); *Keen v. Commissioner*, 121 T.C. 8, 16 (2003) (holding that taxpayer was entitled to audio record his Collection Due Process hearing). A

2

Collection Due Process ("CDP") hearing is an interview related to the collection of taxes, I.R.C. § 6330, and the Appeals Officer, Adlai Climan, complied with all requirements for recording. Therefore, the Office of Appeals did not abuse its discretion by recording the meeting.

Taxpayer next argues that the CDP hearing violated an earlier Tax Court order requiring an impartial Appeals Officer who had not seen a previous *ex parte* communication regarding Taxpayer's case. Appeals Team Manager Paula Mills, who had seen the *ex parte* communication, was present at the August 8th meeting. However, Climan, not Mills, was the Appeals Officer assigned to the case. Mills's presence was required because the conference was recorded and because Taxpayer had previously raised frivolous arguments. I.R.M. § 8.6.1.4.2(11) (Nov. 6, 2007) ("Two Appeals employees must be present at recordings where frivolous/constitutional et. al. arguments have previously been presented."). Taxpayer presents no evidence that Mills improperly influenced Climan. To the contrary, the Tax Court determined that Climan displayed great patience throughout the process and was impartial. Therefore, Mills's presence at the hearing did not violate the earlier Tax Court order.

Taxpayer's final argument is that the Office of Appeals abused its discretion by reaching a determination without more meetings after the August 8th meeting

3

was cut short by a power outage. The CDP hearing, however, consists of not just the one meeting, but of all the correspondence between Taxpayer and the Office of Appeals. The various letters in the record, including the conference itself and Taxpayers' declarations at that conference, all constitute parts of the CDP hearing. All of those interactions, taken together, gave the Office of Appeals a sufficient basis to make its determination.

Moreover, Taxpayer presented four declarations in writing at the August 8th hearing. Those declarations failed to raise a single issue appropriate for consideration at a CDP hearing. *See* I.R.C. § 6330(c)(2). Because Taxpayer failed to raise any legitimate challenges either at the August 8th meeting or otherwise, the Office of Appeals did not abuse its discretion in reaching its determination.

**AFFIRME**D.